[No. 46366.   En Banc.   December 18, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWIN
FITZSIMMONS, *Petitioner.*

PER CURIAM.—The United States Supreme Court, by a 5-to-4 vote, has granted a writ of certiorari in this case and vacated our judgment, found at 93 Wn.2d 436, 610 P.2d 893 (1980). We now respond to the Supreme Court's remand in its order requiring this court to consider whether *Fitzsimmons* "is based upon federal or state constitutional grounds, or both."

A review of the language of this court's opinion in *Fitzsimmons* affirms the decision's primary independent reliance on state court rule JCrR 2.11. *State v. Fitzsimmons, supra* at 441, 449. The court rules are promulgated as a matter of state law pursuant to statute, RCW 2.04.190, *see generally* RCW 2.04, and as part of the State Supreme Court's inherent rulemaking powers as "an integral part of the judicial process." *State v. Smith,* 84 Wn.2d 498, 502, 527 P.2d 674 (1974). The constitutional analysis was undertaken *after* the holding that Mr. Fitzsimmons'

> rights *under these rules* were violated when he was denied the information and means necessary to allow him to contact appointed counsel.

(Italics ours.) *State v. Fitzsimmons, supra* at 441. This discussion of constitutional law merely helps demonstrate the application and effect of the court rules that provide the

rationale for the ruling. Constitutional analysis in the *Fitzsimmons* opinion is "persuasive" in character, *see Minnesota v. National Tea Co.,* 309 U.S. 551, 556, 84 L. Ed. 920, 60 S. Ct. 676 (1940). However, JCrR 2.11 provides an independent and adequate state ground for our decision. *See Fox Film Corp. v. Muller,* 296 U.S. 207, 210, 80 L. Ed. 158, 56 S. Ct. 183 (1935).

With regard to the support to *Fitzsimmons'* exploration of constitutional provisions, we relied on *Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966). *Heater* itself cites both federal and state constitutional provisions for its holding, which predated JCrR 2.11. Thus, the precedent for any constitutional holding, which is in any event only supportive of the analysis of court rule provisions, is grounded in state as well as federal constitutional principles. Reliance on federal precedent and federal constitutional provisions would not preclude us from taking a more expansive view of the right to counsel under state provisions should the United States Supreme Court limit federal guaranties in a manner inconsistent with *Heater* and *Fitzsimmons. See Robins v. Pruneyard Shopping Center,* 23 Cal. 3d 899, 909, 592 P.2d 341, 346, 153 Cal. Rptr. 854 (1979).

Having reexamined our opinion pursuant to the Supreme Court's remand, and coming to the conclusions set forth above, we affirm the opinion found at 93 Wn.2d 436 with no alterations or amendments.