[No. 4039-9-III. Division Three. December 1, 1981.]

The Town of Republic, *Respondent*, v. William L. Brown, *Appellant*.

*John O. McLendon, Bruce A. Kaiser,* and *Hagan, Van Camp & McLendon,* for appellant.

*Richard A. Perry,* for respondent.

ROE, J.—On January 2, 1980, defendant William Brown was stopped, arrested by the deputy marshal of the Town of Republic and charged with "driving while intoxicated, RCW 46.61.506." The Breathalyzer test showed Brown's blood alcohol level was .12 percent.[1] He was prosecuted and convicted in the municipal court of the Town of Republic, and found guilty on appeal to the Ferry County Superior Court. On appeal to this court, he challenges the legality of the town ordinance which purports to prohibit driving while intoxicated (DWI).

In 1968, the Town of Republic passed its ordinance No. 176, which adopted by reference RCW 46.61, the rules of the road. At the time of this enactment, RCW 46.61.*505* made it unlawful for any person under the influence of or affected by the use of intoxicating liquors to drive on the public highways. That statute also set forth presumptions

---

[1] We observe from the testimony that the deputy marshal did not advise the defendant of his right to consult an attorney before he took the Breathalyzer test. *See State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893, *vacated, remanded,* 449 U.S. 977, 66 L. Ed. 2d 240, 101 S. Ct. 390, *aff'd,* 94 Wn.2d 858, 620 P.2d 999 (1980). If this is a constitutional issue, it could be raised for the first time on appeal. *State v. Allen,* 27 Wn. App. 41, 615 P.2d 526 (1980). However, we need not consider this issue since it was not raised before this appellate court.

relating to the percentage of alcohol in a person's blood. In 1969, RCW 46.61.505 was repealed by the legislature and RCW 46.61.506[2] was adopted, which made it unlawful to drive while intoxicated, and also set forth less liberal statutory presumptions regarding being under the influence of intoxicating liquor. The Town of Republic passed ordinance No. 180, which deleted RCW 46.61.505 from ordinance No. 176 and instead adopted RCW 46.61.506. In 1979, RCW 46.61.506 was amended by the legislature, Laws of 1979, 1st Ex. Sess., ch. 176, § 5, p. 1632, and its substantive provisions recodified at RCW 46.61.502. The Town of Republic did not pass a new ordinance which recognized this change in the state statute. Thus, Republic's ordinance no longer refers to the state statute prohibiting driving while under the influence of intoxicating liquor, *i.e.,* RCW 46.61.502.

Brown argues the Republic ordinances were not effective to charge and convict him of "driving while intoxicated."

---

[2]RCW 46.61.506 provided:

"(1) It is unlawful for any person who is under the influence of or affected by the use of intoxicating liquor or of any narcotic drug to drive or be in actual physical control of a vehicle within this state.

"(2) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of his blood, breath or other bodily substance shall give rise to the following presumptions:

"(a) If there was at that time 0.05 per cent or less by weight of alcohol in the person's blood, it shall be presumed that he was not under the influence of intoxicating liquor.

"(b) If there was at that time in excess of 0.05 per cent but less than 0.10 per cent by weight of alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining whether the person was under the influence of intoxicating liquor.

"(c) If there was at that time 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that he was under the influence of intoxicating liquor.

"(d) Per cent by weight of alcohol in the blood shall be based upon milligrams of alcohol per one hundred cubic centimeters of blood.

"(e) The foregoing provisions of this section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of intoxicating liquor."

*Jenkins v. Bellingham Municipal Court*, 95 Wn.2d 574, 627 P.2d 1316 (1981) considered the effect of the amendment of RCW 46.61.506, the adoption of RCW 46.61.502, and the inclusion of the latter section in RCW 46.90, the model traffic ordinance. In *Jenkins*, the defendants had been arrested for DWI in the period between the two enactments. The arrests occurred in Everett and Bellingham, which had both adopted by reference RCW 46.61.506 as part of the model traffic ordinance. Later, RCW 46.61.506 was amended. The court held:

> [A]t the time of the arrests which were made in these cases, there was no provision in the Washington Model Traffic Ordinance, and thus no ordinance in the cities of Everett and Bellingham, making it unlawful to drive while under the influence of intoxicants.

*Jenkins v. Bellingham Municipal Court, supra* at 581.

*Jenkins* is persuasive even though the Republic ordinance was not enacted by reference to the model traffic ordinance but by express mention of RCW 46.61.506. When RCW 46.61.506 was amended, the Town of Republic was in a position analogous to Everett and Bellingham. In both instances the ordinance referred to a statute which no longer prohibits driving while under the influence of alcohol.

In any event, the Town urges us to find there is no conflict between RCW 46.61.502, the present statute, and ordinance No. 180 and therefore to uphold the ordinance. Cities have the right to enact ordinances prohibiting the same conduct which constitutes a crime under the state law as long as the city ordinance does not conflict with the general laws of the state and the state law does not show on its face an intent to be exclusive. *Bellingham v. Schampera*, 57 Wn.2d 106, 109, 356 P.2d 292, 92 A.L.R.2d 192 (1960). The test for such a conflict is:

> No real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa. There can be no conflict unless one authority grants a permit or license to do an act

which is forbidden or prohibited by the other. *Seattle Newspaper–Web Pressmen's Local 26 v. Seattle*, 24 Wn. App. 462, 469, 604 P.2d 170 (1979), quoting *Struthers v. Sokol*, 108 Ohio St. 263, 268, 140 N.E. 519, 521 (1923); *Bellingham v. Schampera, supra* at 111. Thus, in order to determine whether there is a conflict, we must decide whether the Town's ordinance permits behavior which is forbidden by the state law.

■ Ordinance No. 180, referring to RCW 46.61.506, provides a scheme of statutory presumptions regarding intoxication: (1) if the blood alcohol level is less than .05 percent, the person is presumed not under the influence of liquor, (2) if the blood alcohol level is between .05 and .10 percent, there is no presumption, but the fact may be considered with other evidence in determining whether a person was under the influence of liquor, and (3) if the blood alcohol level is .10 percent or greater, the person is *presumed* under the influence of liquor. Contrariwise, RCW 46.61.502 provides a person is *guilty* of driving under the influence if his blood alcohol level is .10 percent or greater. This difference between presumption and guilt shows there is a conflict between the ordinance and the statute. The penalties for driving while under the influence of intoxicating liquor, RCW 46.61.502, were also enhanced, providing that 1 day could not be suspended or deferred. RCW 46.61.515. We therefore hold ordinance No. 180 is invalid and ineffective to sustain a charge of driving while intoxicated.

Because of our resolution of this issue, we need not address any other of Brown's arguments.[3] We have not found it necessary to decide whether reference in the charge to RCW 46.61.506, which no longer is the statute

---

[3]We note Brown has claimed a violation of 18 U.S.C. § 242, which provides criminal remedies against those who willfully deprive anyone of his civil rights under color of state law. *Sinchak v. Parente*, 262 F. Supp. 79 (W.D. Pa. 1966). Only a federal grand jury or the United States attorney may bring a complaint under this statute, *United States ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975), and thus Brown is not a proper party to raise this issue.

describing the crime of DWI, would of itself independently require reversal. A possible denial of equal protection could arise if a person were prosecuted under the town ordinance which did not require a mandatory 1–day jail sentence as the state statute does.

The judgment of the trial court is reversed.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied December 24, 1981.

Review granted by Supreme Court February 19, 1982.