[No. 9167–1–I.   Division One.   November 9, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. ERIC ANDREW HALBAKKEN, *Appellant.*

*C. Nelson Berry III,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David Smith, Deputy,* for respondent.

DURHAM, J.—Defendant Eric Andrew Halbakken was charged with driving while intoxicated and being a minor in possession or consumption of intoxicants. Halbakken moved to dismiss the charges, contending that he was denied his right to assistance of counsel at a critical stage of a criminal proceeding. When Halbakken was taken to the Bothell Police Department, he refused to sign the acknowledgment and waiver of his constitutional rights on the arrest report, stating, "I don't understand nothing." Halbakken also refused to sign the implied consent warning, and to take a Breathalyzer test.

At the hearing on the motion to dismiss, Halbakken testified that he was not advised that he had a right to an attorney, but that he recalled the police officer reading him a statement of his constitutional rights. Halbakken was taken to the King County jail shortly after refusing the Breathalyzer test at the Bothell Police Department. He was booked, placed in the drunk tank for about 20 minutes, and then moved to a cell. Halbakken then asked to use a telephone. He estimated that 1 or 2 hours elapsed before he was allowed to use the phone. At no time did Halbakken ask to see a lawyer.

The trial court denied the defendant's motion to dismiss, finding that Halbakken was properly advised of his rights, and that he declined or did not request an attorney.

Halbakken claims that he was denied his constitutional right of counsel at a critical stage of criminal proceedings resulting in irreparable prejudice to his defense. He argues that the State has an obligation to provide an accused with the names and telephone numbers of attorneys available to serve on limited notice, even if the accused fails to request any such assistance.

Both sides rely on *State v. Fitzsimmons*, 93 Wn.2d 436, 610 P.2d 893, *vacated*, 449 U.S. 977, *aff'd on remand*, 94

Wn.2d 858, 620 P.2d 999 (1980) and *Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966), which established certain standards for access to counsel following an arrest for driving under the influence of intoxicants. The court in *Fitzsimmons* reaffirmed the rule of *Tacoma v. Heater, supra,* that the period immediately following an arrest for this offense is a critical stage of a criminal prosecution, and a defendant must be allowed access to legal counsel. In *Fitzsimmons,* the court expanded the rule to provide that an indigent defendant cannot be denied access to counsel.

■ However, neither *Tacoma v. Heater* nor *State v. Fitzsimmons* requires the State to insure that those arrested for driving while intoxicated be represented by counsel immediately after arrest and charging. The State must simply not deny access to counsel where counsel is requested:

> The issue to be determined on this appeal is: Is the *denial of a request for permission to contact counsel* as soon as a person is charged with a crime involving the element of intoxication, the denial of a constitutional right resulting in irreparable prejudice to his defense?

(Italics ours.) *Tacoma v. Heater, supra* at 735. The court in *Fitzsimmons* echoed this principle:

> *Heater* thus established the rule in this case that when the defendant is charged with driving while under the influence of intoxicating liquor, he *must be allowed access* to legal counsel immediately after arrest and charging.

(Italics ours.) *State v. Fitzsimmons,* 93 Wn.2d at 443. *See also Wolf v. Department of Motor Vehicles,* 27 Wn. App. 214, 221, 616 P.2d 688 (1980).

In addition, the *Fitzsimmons* court recognized that the right to counsel immediately following an arrest for driving while intoxicated is a limited one. Similarly, the State's duty to preserve that right is limited:

> The unique nature of the offense of driving while under the influence and the circumstances under which the defendant is likely to be arrested and charged both create the constitutional right and limit the type of effort the

State must make to avoid violating that right. *State v. Fitzsimmons,* 93 Wn.2d at 447. We are satisfied that our Supreme Court has not imposed a duty upon the State to provide access to counsel when no such request has been made.

The trial court's denial of the motion to dismiss is affirmed.

RINGOLD, A.C.J., and WILLIAMS, J., concur.