[No. 9567–6–I.   Division One.   May 24, 1982.]

THE STATE OF WASHINGTON, *on the Relation of Russ Juckett, Respondent,* v. EVERGREEN DISTRICT COURT, *Respondent,* DONALD B. MARQUEZ, *Appellant.*

THE STATE OF WASHINGTON, *on the Relation of Russ Juckett, Respondent,* v. EVERGREEN DISTRICT COURT, *Respondent,* MELODY KOLLMAR, *Appellant.*

*Michael A. Clarke, Mathew Griffin,* and *Mary Ellen Keegan,* for appellants.

*Russ Juckett, Prosecuting Attorney,* and *Asa Glazer, Deputy,* for respondent.

CALLOW, J.—Donald Marquez and Melody Kollmar appeal from Superior Court orders vacating district court orders dismissing charges of driving while intoxicated and remanding the cases to the district court for trial. The two cases have been consolidated on appeal because they present the same issue: whether motorists arrested for driving while intoxicated must be advised of their right to consult with an attorney before submitting to a Breathalyzer test. We hold that they need not be specially advised and affirm the Superior Court.

Donald Marquez was arrested by the Washington State Patrol between 3:20 a.m. and 3:40 a.m. on April 5, 1980 for driving while intoxicated. He was taken to a patrol station, asked to take a Breathalyzer test, and advised of his implied consent rights under RCW 46.20.308. The officer did not say anything to Marquez about consulting a lawyer

prior to deciding whether to take the Breathalyzer test.[1] Marquez agreed to the testing. *After* completion of the test, Marquez was advised of his constitutional rights under *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). He made no request to telephone or consult an attorney.

Melody Kollmar was arrested for driving while intoxicated at approximately 1:30 a.m. on March 3, 1980, by the Washington State Patrol. After failing several physical sobriety tests, she was arrested, advised of her *Miranda* rights,[2] and transported to the Snohomish County Jail. Kollmar was asked to submit to a Breathalyzer test and advised of her implied consent rights; she also agreed to the test. Upon its completion, Kollmar was again advised of her constitutional rights, which she waived in a written statement. No attorney was requested or furnished. It is to be noted that Marquez was informed of his *Miranda* rights *after* he took the Breathalyzer and Kollmar was so informed *before* she took the test.

The district court dismissed both cases on the authority of *State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893, *cert. granted, remanded,* 449 U.S. 977, 66 L. Ed. 2d 240, 101 S. Ct. 390, *aff'd,* 94 Wn.2d 858, 620 P.2d 999 (1980), which held that persons arrested for driving while intoxicated and who desire to consult with an attorney before taking a Breathalyzer test must be furnished reasonable *access* to

---

[1]If a police officer has reasonable grounds to believe a motorist is driving while intoxicated, he may request that the motorist submit to chemical testing of his breath or blood to determine the alcoholic content of his blood. All drivers are deemed to have given consent to this testing; an individual who refuses to take the test after being warned that such refusal will result in the revocation or denial of his privilege to drive, will not be given the test, but is subject to the revocation of his license. The driver must also be advised of his right to have additional tests administered by a qualified person of his choosing. RCW 46.20.308.

[2]Under *Miranda v. Arizona,* 384 U.S. 436, 444, 16 L. Ed. 2d 694, 87 S. Ct. 1602, 10 A.L.R.3d 974 (1966), a person may not be questioned, while in custody, before he or she has been advised "that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."

counsel. The district court held that drivers must be specifically advised of their right to consult with an attorney before deciding whether to take a Breathalyzer test. It also held that the standard *Miranda* warnings were inadequate since they deal in terms of testimonial evidence and not physical testing, and thus do not fully inform drivers of their rights.

On the State's appeal to the superior court, the orders of dismissal were vacated and the cases remanded for trial. The Superior Court held that *Fitzsimmons* controlled only where a person arrested for driving while intoxicated *requested* access to an attorney. It further held that JCrR 2.11,[3] relating to an accused's right to counsel, did not require specifically advising a motorist of his right to counsel before submitting to a Breathalyzer test. The court indicated that special advisement might in fact cause confusion when read together with the implied consent law.

Marquez and Kollmar assert that the right to counsel extends to all critical stages in a prosecution and that *Fitzsimmons* establishes that the decision whether to take a Breathalyzer test is such a stage. They contend that reasonable access to counsel is denied if a defendant is not adequately advised of that right in the first place. The State replies that the constitutional analysis of *Fitzsimmons* should be confined to situations where counsel is requested and access denied, and that a per se rule of dis-

---

[3]JCrR 2.11(a) and (b) provide:

"**(a) Types of Proceedings.**

"(1) The right to counsel shall extend to all criminal proceedings for offenses punishable by loss of liberty regardless of their denomination as felonies, misdemeanors, or otherwise.

"**(b) Stage of Proceedings.**

"(1) The right to counsel shall accrue as soon as feasible after the defendant is taken into custody, when he appears before a committing magistrate, or when he is formally charged, whichever occurs earliest.

"(2) Counsel shall be provided at every stage of the proceedings, including sentencing, appeal, and post–conviction review. Counsel initially appointed shall continue to represent the defendant through all stages of the proceedings unless a new appointment is made because geographical considerations or other factors make it necessary."

missal cannot be justified.

*Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966), held that it was constitutional error to prevent a defendant charged with driving while under the influence of intoxicants from having access to legal advice. The court found that the period immediately after arrest and charging was a critical stage in the defendant's case, especially in light of the unique nature of the drunk driving offense and character of the evidence which is obtained by police. *Heater* was reaffirmed in *State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893 (1980) (*Fitzsimmons* I):

> The time immediately after arrest and charging for driving while under the influence, when the defendant is still in custody and must immediately make the decision whether to submit to the Breathalyzer, arrange for further testing and observation of his mental state or forever lose any defense, is certainly such an event. Only by acknowledging the defendant's right of access to counsel can we insure he is meaningfully assisted in his defense.

*Fitzsimmons* I, at 445. *See also Prideaux v. State,* 310 Minn. 405, 247 N.W.2d 385 (1976).

Other states have adopted the contrary position that the decision to submit to a Breathalyzer test is not a critical stage in the criminal prosecution. *See Davis v. Pope,* 128 Ga. App. 791, 197 S.E.2d 861 (1973); *Newman v. Hacker,* 530 S.W.2d 376 (Ky. 1975); *Dunn v. Petit,* 120 R.I. 486, 388 A.2d 809 (1978).

The United States Supreme Court, 449 U.S. 977, 66 L. Ed. 2d 240, 101 S. Ct. 390 (1980), vacated *Fitzsimmons* I and remanded it for a determination whether the decision was based upon federal or state constitutional grounds, or both. The Supreme Court of Washington affirmed *Fitzsimmons* I at 94 Wn.2d 858, 620 P.2d 999 (1980) (*Fitzsimmons* II). The court held that while JCrR 2.11 provided an independent and adequate state ground for their decision, their constitutional analysis was persuasive.

> Reliance on federal precedent and federal constitutional provisions would not preclude us from taking a more expansive view of the right to counsel under state provi-

sions should the United States Supreme Court limit federal guaranties in a manner inconsistent with *Heater* and *Fitzsimmons.*

*Fitzsimmons* II, at 859.

Cases following *Fitzsimmons* have further clarified the law. *Wolf v. Department of Motor Vehicles,* 27 Wn. App. 214, 616 P.2d 688 (1980), held that *Fitzsimmons* had no application in a license revocation action because such actions are essentially civil and not criminal proceedings. *Accord, Haas v. Department of Licensing,* 31 Wn. App. 334, 641 P.2d 717 (1982). *Seattle v. Box,* 29 Wn. App. 109, 627 P.2d 584 (1981) held that police officers are permitted to continue with routine processing after the defendant has contacted an attorney, so long as the attorney is not denied access to the defendant.[4]

A criminal defendant's constitutionally mandated right of access to counsel after arrest and charging for a traffic offense where intoxication is an element must allow for the reasonable exercise of that right if it is to have meaning.

*Seattle v. Box, supra* at 116.

In *Republic v. Brown,* 30 Wn. App. 606, 607 n.1, 637 P.2d 244 (1981), the court noted that "the deputy marshal did not advise the defendant of his right to consult an attorney before he took the Breathalyzer test", but did not reach the issue of whether such advisement was constitutionally mandated. We conclude that it is not.

The fact that *Fitzsimmons* establishes a right of *access* to counsel does not necessarily lead to the conclusion that there is an affirmative constitutional burden upon the State to *advise* suspected drunk drivers of that right. The decision to take a Breathalyzer test is unlike the other decision a driver under arrest might be asked to make, *i.e.,* whether to make a statement about the incident. A driver asked to make a statement has a constitutional right to refuse to do

---

[4]In *Box* the defendant's attorney chose to visit the defendant at the police station but was led to believe that his client had been released, when in fact he had been booked into the county jail.

so, must be advised of his right to counsel (as well as other constitutional rights), and may refuse to decide whether to make a statement until counsel arrives. *Miranda v. Arizona, supra.*

■■ By contrast, chemical testing of the blood or breath is not a testimonial communication, and a defendant can be compelled to submit to such testing without a finding that the Fifth Amendment privilege against self–incrimination was violated. *Schmerber v. California,* 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966); *State v. Franco,* 96 Wn.2d 816, 639 P.2d 1320 (1982); *State v. Moore,* 79 Wn.2d 51, 483 P.2d 630 (1971). It is only because of RCW 46.20.308 that Washington motorists may refuse to take the test under penalty of license revocation. The driver taking the wheel does so in the knowledge that the use of the license is a privilege granted by the State, is not a right and that by accepting the license, he or she has already consented to the Breathalyzer test if an arresting officer has reasonable grounds to believe the driver is under the influence of intoxicating liquor. As a result, the right to counsel immediately following arrest for driving while intoxicated is a limited one. *State v. Halbakken,* 30 Wn. App. 834, 638 P.2d 584 (1981); *Seattle v. Box, supra.* Unlike the decision to make a statement, the defendant may be forced to decide whether or not to submit to the test if the defendant's attorney is tardy in arriving at the police station. *Wolf v. Department of Motor Vehicles, supra.* This being a nontestimonial testing pursuant to the provisions of RCW 46.20.308, it is immaterial whether *Miranda* warnings were given before or after the test insofar as the admissibility of the test results are concerned. We construe *Fitzsimmons* to impose upon police officers the duty to insure that the defendant has reasonable access to counsel if such access is timely requested. They are not required to advise defendants of that right or to provide counsel when no such request has been made. *State v. Halbakken, supra.*

The order of the Superior Court remanding the cases for trial is affirmed.

WILLIAMS and CORBETT, JJ., concur.

Reconsideration denied June 29, 1982.

Review granted by Supreme Court October 22, 1982.