[No. 15478-8-I.   Division One.   November 18, 1985.]

THE STATE OF WASHINGTON, *Petitioner*, v.
SAM PROK, *Respondent.*

SWANSON, J., dissents by separate opinion.

*Seth R. Dawson, Prosecuting Attorney,* and *Ellen J. Groman, Deputy,* for petitioner.

*Anita L. Farris* of *Snohomish County Public Defender Association,* for respondent.

WEBSTER, J.—Arguing that suppression of evidence, rather than dismissal, is the appropriate remedy for a violation of JCrR 2.11(c), the State appeals the dismissal of driving while under the influence of alcohol (DWI) charges against Sam Prok. We affirm.

On December 3, 1983, defendant Prok was involved in an automobile accident. Immediately afterward, a Washington State Patrol officer arrested Prok on DWI charges and read him his *Miranda* rights. There was some dispute as to whether the symptoms observed by the officer were due to intoxication or head injury incurred in the accident. Prok, whose native tongue is Cambodian, later testified through an interpreter that he spoke very little English and had not understood his rights on the night of his arrest. He stated specifically that he had not understood his right to speak immediately to an attorney. At a pretrial hearing, the district court judge found a violation of JCrR 2.11(c) and dis-

missed the case. The Snohomish County Superior Court entered findings of fact and conclusions of law on appeal and affirmed the dismissal. The State appeals.

JCrR 2.11(c)(1) provides:

When a person is taken into custody he shall immediately be advised of his right to counsel. Such advice shall be made in words easily understood, and it shall be stated expressly that a person who is unable to pay a lawyer is entitled to have one provided without charge.

■ The District and Superior Courts properly found that Prok's failure to understand the warning constituted a violation of the rule. The rule expressly states that the defendant shall be advised "in words easily understood." Under *Miranda v. Arizona*, 384 U.S. 436, 471, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), a defendant has a constitutional right to be informed of the right to counsel, and the State cannot show a waiver of that right if the defendant did not understand the warning. *Seattle v. Gerry*, 76 Wn.2d 689, 692, 458 P.2d 548 (1969). The same reasoning applies to JCrR 2.11(c). Furthermore, as the police must already ensure that defendants understand their *Miranda* warnings, *Seattle v. Gerry, supra,* and as *Miranda* warnings given prior to the Breathalyzer test satisfy the requirements of JCrR 2.11(c)(1), *State ex rel. Juckett v. Evergreen Dist. Court,* 100 Wn.2d 824, 831, 675 P.2d 599 (1984), this construction of the rule places no additional burden upon the State.

Having properly found a violation of JCrR 2.11(c), the lower courts ordered that the case against Prok be dismissed under *State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893, 18 A.L.R.4th 690, *vacated on other grounds,* 449 U.S. 977, *aff'd on remand,* 94 Wn.2d 858, 620 P.2d 999 (1980). The remedy for failure to warn under *Miranda* is suppression of evidence obtained from the defendant. 384 U.S. at 476. The issue here is whether under state law in a DWI case the remedy for a violation of the JCrR 2.11(c) duty to warn should be dismissal or suppression.

In *Fitzsimmons* the court ordered the dismissal of DWI charges against a defendant who had been illegally denied access to counsel in violation of JCrR 2.11(c)(2). Shortly after being placed in custody, the defendant was read his *Miranda* rights. He then requested an appointed attorney, but was told he would have to wait until his arraignment. The court held, on federal constitutional as well as independent and adequate state grounds, that dismissal was the only appropriate remedy because of the unique circumstances of a DWI case "in which denial of access to counsel may prevent development of a defense because the evidence of intoxication disappears within a relatively short time." The court noted the inadequacy of suppression as a remedy, as all of the State's evidence was developed before the denial of counsel. 93 Wn.2d at 451.

*State v. Fitzsimmons* was preceded by *Tacoma v. Heater*, 67 Wn.2d 733, 409 P.2d 867 (1966), which upheld on Sixth Amendment grounds the dismissal of DWI charges against a defendant who was not permitted to contact his attorney until 4 hours following his arrest. The court commented:

> The denial of counsel at this point prevented the defendant's effective preparation for his defense to the charge against him. It was necessary for him to present evidence showing that he was not under the influence of intoxicating liquor at the time of his arrest. A most effective way to present such evidence would be through disinterested witnesses who could observe his condition soon after his arrest or after he had been booked for the crime, and by a blood test administered by a doctor. The evidence of intoxication dissipates with the passage of time.

67 Wn.2d at 739. The court rejected the City's argument that the defendant had access to other evidence, such as the testimony of friends. The court observed:

> A jury is not likely to attach greater weight to the testimony of a friend of the defendant, whose inclination to aid him can be assumed, than to that of an arresting officer. It will not do to say that a person who is denied an

opportunity to secure the most convincing kind of evidence has been deprived of a constitutional right but that such deprivation did not harm him.

67 Wn.2d at 740.

The State argues that *Fitzsimmons* and *Heater* do not apply here in light of *State ex rel. Juckett v. Evergreen Dist. Court,* 100 Wn.2d 824, 675 P.2d 599 (1984). *Evergreen District Court* involved three DWI defendants, all of whom were given *Miranda* warnings on the night of their arrest. However, one of the defendants did not receive his warning until almost 1 hour after being taken into custody. The court held that while the Sixth Amendment right to counsel did not attach until formal citations for DWI, the right to counsel under JCrR 2.11(c) attached when the defendants were taken into custody. 100 Wn.2d at 830. The court ruled that *Miranda* warnings given to two of the defendants satisfied the requirement of JCrR 2.11(c), but that a warning given 1 hour after being taken into custody violated the rule. Therefore, all evidence secured through the Breathalyzer and/or other tests was suppressed as to the third defendant. 100 Wn.2d at 831. The opinion does not raise the question of dismissal.

■ We agree with the defendant that the court most likely chose to suppress the evidence in *Evergreen District Court* because the rationale for dismissal under *Fitzsimmons* did not apply. Since the defendant in *Evergreen District Court* was informed of his right to counsel only 1 hour after being taken into custody, he was not denied access to counsel during the "critical period of intoxication." Prok, on the other hand, did not receive his warning in time to preserve a meaningful defense. Had he known he could contact counsel, he might have done so and been advised to undergo medical tests to show whether he was suffering from head injury or merely intoxicated.

The *Fitzsimmons* court stressed the unique factual elements of that case. An examination of Prok's case shows similar facts which justify the application of the *Fitzsimmons* holding. Although Prok, unlike the defendant in

*Fitzsimmons,* never demanded counsel, the State's failure to warn Prok just as surely prevented him from contacting counsel during the critical stage. The State's attempt to distinguish between denial of access to counsel and failure to advise of the right to counsel is not convincing. The purpose of the requirement that defendants be advised of their right to counsel is to enable them to exercise that right. We note that the defendant in *Fitzsimmons* requested an attorney only after hearing his *Miranda* rights. 93 Wn.2d at 439. It would be unjust to permit conviction when the defendant did not learn of his right to counsel, and require dismissal only when the defendant asserts that right.

Furthermore, suppression would be an inadequate remedy here. Only the results of the Breathalyzer test and any subsequent remarks by the defendant could be suppressed, while the arresting officer's observations and report would be admissible. This would leave precisely the type of evidence which the State had in *Fitzsimmons.* The State argues that because here, unlike in *Fitzsimmons,* there is a Breathalyzer test, the court has the option of suppressing that test rather than dismissing the entire case. The concern in *Fitzsimmons* and *Heater,* however, was the defendant's loss of evidence, not whether the State had gathered evidence unlawfully. We would be ignoring the rationale of those cases were we to conclude that simply because the State has gathered an additional piece of evidence, the remedy should be different.

The State also claims that dismissal will place too great a burden on the prosecution. However, dismissal will be appropriate in a very narrow range of cases. *Fitzsimmons* applies only to DWI cases, and only where a violation of JCrR 2.11(c) has occurred. Furthermore, dismissal, by itself, places no greater burden on the State. The duty to inform defendants of their right to counsel already exists. JCrR 2.11(c); *Miranda v. Arizona, supra.*

Affirmed.

RINGOLD, J., concurs.

SWANSON, J. (dissenting)—While I must accept the trial court's finding of fact that Sam Prok did not understand the warnings given to him by the arresting officer because of a language barrier,[1] I disagree that the remedy should be outright dismissal of the case. Suppression of the evidence obtained, consisting of the Breathalyzer result and statements made, is the correct remedy. *State ex rel. Juckett v. Evergreen Dist. Court,* 100 Wn.2d 824, 675 P.2d 599 (1984).

The narrative report of the proceedings in the Everett District Court discloses that at a minimum there was technical compliance with JCrR 2.11(c) in that the officer did advise the defendant of his right to an attorney. The court found that the officer thought that the defendant understood the warnings given. The narrative report at page 4 states in part:

[a]t the pre–trial hearing, the Trooper testified that although the defendant was extremely intoxicated and having difficulty with English, the Trooper felt that he had understood his rights. The Trooper also testified that he went to great lengths to explain the right to counsel and that he had done the best he could under the circumstances.

There is nothing in the record that indicates that the defendant wished an interpreter or told the officer he did not understand. However the District Court concluded that the defendant did not understand his right to counsel and

---

[1]Apparently, the defendant Prok is from Cambodia but has been in the United States 3 years and has a temporary driver's license. The only reason the defendant now claims he did not understand the warnings given is his inability to understand the English language. As the State questions in its brief,

How far does the State's obligation extend in this situation? Must the State provide interpreters at the pre–citation stage in all languages, for some languages, if only for some languages, then which languages?

Brief of Appellant, at 16.

I believe it should be the motorist's duty to learn the English language before driving on the highways of this state. In fact, no license either temporary or permanent ought to be issued without demonstrating fluency in both reading and comprehension of the English language. I would not regard an inability to understand the English language as an excuse for not understanding the warnings given by the officer and thereby avoiding any responsibility for probable criminal conduct.

dismissed.

The Superior Court considered the finding that Prok did not understand his right to counsel as the legal equivalent of a denial of a right of access to counsel and analogous in its effect to what occurred in *State v. Fitzsimmons*, 93 Wn.2d 436, 610 P.2d 893, 18 A.L.R.4th 690, *vacated on other grounds*, 449 U.S. 977, *aff'd on remand*, 94 Wn.2d 858, 620 P.2d 999 (1980). However, in *Fitzsimmons* the defendant's request to speak to an attorney was in fact denied. While dismissal may be appropriate in such a situation involving a direct denial of a constitutional right, here the factual situation is much different. I would order suppression only and remand for trial.

Review granted by Supreme Court January 24, 1986.