[No. 10110–2–I.   Division One.   August 16, 1982.]

THE CITY OF SEATTLE, *Respondent,* v. PAUL C. CARPENITO, *Appellant.*

*Robert C. Boruchowitz* and *Shelley Stark* of *Seattle–King County Public Defender Association,* for appellant.

*Douglas N. Jewett, City Attorney,* and *Elizabeth Rene, Assistant,* for respondent.

SWANSON, J.—Paul C. Carpenito appeals a conviction of driving while under the influence of or affected by intoxicating liquor (DWI) in violation of Seattle Municipal Code 11.56.020, and claims he was denied access to counsel.

Seattle Police Officer Feldman pulled over Carpenito for erratic driving behavior and speeding. After stopping the defendant, Officer Feldman observed Carpenito almost fall off his motorcycle, sway while standing, and slur speech. The officer detected an odor of alcohol on defendant's breath, and noticed that defendant's pupils were dilated and did not react to light, and that his eyes were watery and bloodshot. Carpenito was arrested for DWI and taken to the police station where he was formally charged. At the police station, Carpenito was offered the use of a telephone to call an attorney; he did not make a call. Carpenito was convicted of DWI.

Carpenito claims the trial court should have dismissed

the charge against him because he was denied access to counsel as mandated by *State v. Fitzsimmons,* 93 Wn.2d 436, 610 P.2d 893 (1980).

In *Fitzsimmons* the defendant was arrested for DWI around midnight and requested immediate legal counsel. The defendant told the officer that he had no money. The officer informed the defendant that an appointed attorney could not be provided for him at that time, telling the defendant, "'You're not going to get anything for free tonight. . . . The Court can appoint [a lawyer] at the time of pre–trial or at arraignment date.'" *Fitzsimmons,* at 439–40. The defendant refused to take a Breathalyzer test after being told he could not have a court appointed attorney's advice at that time. He was convicted of DWI.

In discussing access to counsel in DWI cases, the court in *Fitzsimmons* stated that a defendant must be allowed access to legal counsel immediately after arrest and charging. The right of access to counsel was found to be of constitutional magnitude and was not to be denied by the defendant's lack of resources or by the exigencies of law office hours. The court found Fitzsimmons was illegally denied access to counsel and it dismissed the DWI charge.

In the case at bar, the trial court found:

> At the station, Officer Feldman offered the defendant the use of a phone to call an attorney. At that time, a phone and phonebook were about 1–2 feet away from the defendant. The defendant refused the use of the phone.

Finding of fact 16.

It is well settled in this state that findings of fact supported by substantial evidence are not to be disturbed on appeal. *Davis v. Department of Labor & Indus.,* 94 Wn.2d 119, 615 P.2d 1279 (1980). Finding of fact 16 was supported by substantial evidence at trial, including testimony by Officer Feldman:

> OFFICER FELDMAN: . . . Then, when we got to the station and he was taken into the holding room area, report–writing room, we walked into the holding room area. I asked him if he wanted to use the phone, if he

wanted to call an attorney. He stated that he didn't have one to call. . . .

. . .

THE CITY: Officer, prior to your filling out the alcohol influence report, did you talk to the defendant and ask him about whether or not he wanted to call an attorney?

OFFICER FELDMAN: Yes, I did.

THE CITY: And at that point, what did the defendant say to you?

OFFICER FELDMAN: He said, "No, I don't have one to call."

THE CITY: Was there a phone in the room, at the time?

OFFICER FELDMAN: Yes, there was [sic] two phones in the room.

THE CITY: And was there a phonebook with the phone?

OFFICER FELDMAN: Yes.

THE CITY: Approximately how far away was the phone from the phonebook?

OFFICER FELDMAN: The phone from the phonebook, right next to the phone.

Carpenito claims that the police must provide a defendant with the phone numbers of available assigned attorneys. Carpenito draws our attention to *Fitzsimmons,* at pages 446–47:

In addition, we note that *Heater*'s [*Tacoma v. Heater,* 67 Wn.2d 733, 409 P.2d 867 (1966)] application to a defendant who asserts that he is indigent will place no additional burden on the arresting and charging officer, who must simply provide any defendant with access to a telephone *and the number of a public defender organization or numbers of individuals willing to act as counsel in this type of case. . . .*

Nothing prevents the officer from carrying and providing the defendant with a list of organizations or attorneys willing to be called after regular hours to assist individuals arrested and charged with driving while under the influence, and the analysis undertaken above demonstrates that such a step is consistent with the constitution and court rules. The police officer need not, and of course cannot, appoint counsel for the defendant. That is the judge's obligation. JCrR 2.11(c)(2) does not require or permit the officer to ascertain if the defendant is indeed indigent before providing him with the means *and infor-*

*mation necessary to contact assigned counsel.* The defendant's actual indigent status can be briefly ascertained during his initial contact with an attorney and can be verified, as it was in this case, at his initial appearance before a magistrate. *See* JCrR 2.03.

(Footnote omitted. Italics ours.) Furthermore, JCrR 2.11(c)(2), which states that an individual must be immediately advised of his right to appointed counsel when taken into custody, requires that

At the earliest opportunity a person in custody who desires counsel shall be provided access to a telephone, *the telephone number of the public defender or official responsible for assigning counsel,* and any other means necessary to place him in communication with a lawyer.

(Italics ours.)

In the case at bar, Carpenito was advised in a timely manner of his right to have an assigned attorney if he could not afford a retained attorney. Carpenito was promptly directed to a telephone and was instructed to call an attorney if he wanted an attorney's advice. A telephone book with the phone numbers of private attorneys and the public defender, both having 24–hour answering services, was by the telephone. Although Carpenito replied that he did not have an attorney to call, he did not request a list of available retained or assigned attorneys nor other means of contacting an attorney.

■ We are persuaded that it is enough for the City to provide *access* to a telephone, *access* to the public defender's and several other available attorneys' phone numbers, and *access* to other means necessary to place an accused in communication with a lawyer. Carpenito was provided such access. Had he not been able to locate an attorney's phone number or operate the phone, he needed only to ask for assistance. Without such a request or any overt indication of a desire for assistance, Carpenito may not claim denial of access to counsel.[1] *Cf. State v. Halbak-*

---

[1] We suggest the City seek to minimize the number of such denial of access to counsel claims. The City might consider placing the phone number of the public

*ken,* 30 Wn. App. 834, 837, 638 P.2d 584 (1981) (in DWI cases, the State has no duty to provide counsel in the absence of a request); *State ex rel. Juckett v. Evergreen District Court,* 32 Wn. App. 49, 645 P.2d 734 (1982).

The judgment of the trial court is affirmed.

ANDERSEN, C.J., and CORBETT, J., concur.

Reconsideration denied September 20, 1982.

Review denied by Supreme Court December 17, 1982.

defender on a surface by the telephone used by arrested individuals.