891 P.2d 934

**Larry MARTINEZ, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Joseph D. Howe, a judge thereof, Respondent Judge,**

**Richard W. GARNETT, III, State of Arizona, ex rel. Scottsdale City Attorney, Real Party in Interest.**

No. 1 CA–SA 94–0200.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 13, 1994.

Review Denied March 21, 1995.

Mark N. Weingart, Tempe, for petitioner.

Richard W. Garnett, III, Scottsdale City Atty. by Kay Bigelow, Chief Prosecutor, and Joel Rudd, Asst. City Prosecutor, Scottsdale, for respondent.

### OPINION

KLEINSCHMIDT, Judge.

This special action seeks the dismissal of a prosecution for driving under the influence of alcohol. The Petitioner claims that he was denied meaningful communication with his attorney on the night of his arrest. We accept jurisdiction of this special action, but deny relief because we find that the Petitioner's communication with his attorney, while

conducted under less than ideal circumstances, was adequate.

On a night in September, 1992, Scottsdale police stopped the Petitioner at a DUI checkpoint located on Scottsdale Road. Shortly after the stop, the Petitioner asked to speak to an attorney, apparently to inquire whether he should perform field sobriety tests. The officer at the scene provided the Petitioner with a cellular phone to contact an attorney. The Petitioner contacted his attorney's answering service. The answering service requested a call back number so that the attorney himself could speak to the Petitioner. The officer did not know the number of the cellular phone, so he asked the answering service for a direct telephone number to the attorney. The answering service explained to the officer that the attorney did not give out his home phone number. Ultimately, the answering service acted as an intermediary between the Petitioner and his attorney, relaying the conversation back and forth between the two of them.

The Petitioner's original phone conversation lasted approximately ten minutes, after which he performed a series of field sobriety tests. After performing the tests, the Petitioner asked for another telephone call to his attorney to inquire as to whether he should take a blood or breath test. The officer allowed the Petitioner to make a second call, but again, the Petitioner could not talk directly with his attorney and was required to use the answering service as a go-between. This second phone call lasted thirty minutes, after which the Petitioner consented to a blood test.

At the hearing on the motion to dismiss, the officer testified that it appeared to him that the Petitioner was getting the information he was seeking. He also testified that the Petitioner never indicated that communicating through the answering service was unworkable.

The Petitioner argues that because the police could not provide a call back number, they forced the Petitioner to communicate with his attorney through the answering service and frustrated his attempts to communicate with his attorney in a meaningful way. The law is clear: "[t]he state may not … without justification, prevent access between a defendant and his lawyer, if available, in person or by telephone, when such access would not unduly delay the DWI investigation and arrest." *State v. Holland,* 147 Ariz. 453, 455, 711 P.2d 592, 594 (1985); *McNutt v. Superior Court,* 133 Ariz. 7, 9, 648 P.2d 122, 124 (1982).

The State responds by saying that the police did not interfere with the Petitioner's communication with his attorney, and that the whole problem arose out of the attorney's policy of refusing to give out his home telephone number. The Petitioner counters with the argument that the police must allow for such eventualities and that they cannot excuse their failure to provide a call back number by claiming that the attorney should have disclosed his home phone number. He cites by analogy the cases of *Smith v. Cada,* 114 Ariz. 510, 562 P.2d 390 (App.1977), and *Smith v. Ganske,* 114 Ariz. 515, 562 P.2d 395 (App.1977), both of which deal with a defendant's attempts to secure exculpatory evidence, in support of his argument that the police must not frustrate reasonable efforts to establish meaningful communication.

We agree with the Petitioner that the police cannot interfere with reasonable efforts to communicate with an attorney. In this case, the police could easily have avoided the whole problem simply by knowing the call back number on the cellular telephone. They might also have suggested to the answering service that it give them the attorney's number with the understanding that they would not provide it to the Petitioner. We disagree with the Petitioner, however, that he is entitled to have the case dismissed. Here, the record is clear that the Petitioner had an adequate, although not ideal, opportunity to converse with his attorney. He spoke for a total of forty minutes without complaining that he was not receiving the information he needed, and, indeed, he has *never* complained that the communication was unsatisfactory in the sense that he was deprived of his attorney's advice. We note, however, that while the failure of the police to provide the Petitioner with a good means of commu-

nication was harmless in this case, under other circumstances, such might not be true.

Relief is denied.

McGREGOR P.J., and TOCI, J., concur.