978 P.2d 133

**STATE of Arizona, Appellee,**

v.

**Kimberly I. SANDERS, Appellant.**

**No. 1 CA–CR 97–0739.**

Court of Appeals of Arizona, Division 1, Department D.

Nov. 24, 1998.

Review Denied May 25, 1999.

---

Grant Woods, The Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and Scott B. Rosenberg, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

KLEINSCHMIDT, Judge.

¶ 1   The Defendant appeals her conviction for aggravated driving while under the influence of intoxicating liquor or drugs. She claims that the arresting officer interfered with her right to an attorney by refusing to give her the number of the police station so that she could leave the number with her attorney's answering service. We conclude that the police did not give the Defendant a reasonable opportunity to contact her attorney.

¶ 2   On a Sunday afternoon in July 1995, a deputy sheriff stopped the Defendant for erratic driving. Based on the Defendant's behavior and appearance, the deputy suspected that she had been drinking. He arrested her and took her to the police station.

¶ 3   The amount of time that elapsed between events that occurred at the police station is not clear from the record, but at some point after arriving at the station, the deputy asked the Defendant to take a breathalyzer test. The Defendant refused and asked if she could call her attorney. According to the Defendant, as soon as she was given the telephone book and access to the telephone she called her attorney and got his answering service. The service requested a callback number so that her attorney could call her "right back." Since there was no number printed on the phone, the Defendant asked the deputy for a callback number and "they" refused to give her one. They told her there was no way for someone to call her back. At some point the Defendant wanted to try the attorney's number again and was not allowed to do so. The deputy then told the Defendant that she had no right to further delay the test, and the Defendant refused to take it.

¶ 4   The deputy could not remember the details of this incident, but he testified that he normally gives people a phone book and allows them twenty to twenty-five minutes to make a call before administering the test. He testified that he probably did not provide the Defendant with a callback number at the police station. He also testified that the station, which is basically a trailer, only had one telephone line and it was "extremely busy" at that time of year.

¶ 5   Before trial, the Defendant moved to dismiss on the grounds that she had been denied her right to counsel. The trial judge denied the motion on the grounds that the Defendant had been given a reasonable time to contact her attorney by telephone.

¶ 6   The general rule is that an accused has a right to contact an attorney as soon after arrest as feasible if such contact does not interfere with the matter at hand. *See McNutt v. Superior Court,* 133 Ariz. 7, 9, 648 P.2d 122, 124 (1982); Ariz. R.Crim. P. 6.1. This rule applies to a defendant's right to speak to counsel before taking a breathalyzer test. *See State v. Juarez,* 161 Ariz. 76, 81, 775 P.2d 1140, 1145 (1989) (refusal to allow defendant to call attorney before testing violated Sixth Amendment right to counsel); *Kunzler v. Pima County Superior Court,* 154 Ariz. 568, 569, 744 P.2d 669, 670 (1987) (defendant has right to consult with attorney as long as contact does not interfere with the investigation); *State v. Holland,* 147 Ariz. 453, 455, 711 P.2d 592, 594 (1985) (defendant has right to talk to attorney in private); *Martinez v. Superior Court,* 181 Ariz. 467, 468, 891 P.2d 934, 935 (App.1994) (even

though officer did not give defendant a number at which attorney could call back, right to attorney not violated only because defendant and attorney conversed by using answering service as an intermediary).

 ¶ 7  The trial judge did not reject the Defendant's account of her efforts to contact her attorney as untrue.  Nor is there any indication in the record that at the time the Defendant asked the deputy for a callback number there was a need to administer the breathalyzer test immediately.  Instead it appears that the deputy refused to give the Defendant a number simply because only one telephone line was available, and it was frequently busy.  The trial judge believed that the deputy was required to do nothing more.

¶ 8  The deputy did not provide the Defendant with a reasonable opportunity to consult her attorney.  Even given the limited telephone facilities, there was no reason not to give the Defendant a callback number.  It is entirely possible that had the deputy done so, contact could have been established within minutes.

¶ 9  The remedy for a violation of the right to counsel is dismissal.  *See Holland,* 147 Ariz. at 456, 711 P.2d at 595.  The conviction and sentence are vacated, and the matter is remanded to the trial court with directions to dismiss.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge, and SARAH D. GRANT, Judge.