Tanmoy **BHATTACHARYA**, Appellant

v.

**COMMONWEALTH of Kentucky,** Appellee.

No. 2008–CA–000783–DG.

Court of Appeals of Kentucky.

July 31, 2009.

---

Wesley Browne, Richmond, KY, for appellant.

Jack Conway, Attorney General, Frankfort, KY, Charles W. Hardin, Special Assistant Attorney General, Richmond, KY, for appellee.

Before MOORE and WINE, Judges, HENRY,[1] Senior Judge.

## OPINION

MOORE, Judge.

Tanmoy Bhattacharya appeals the Madison Circuit Court's order affirming the Madison District Court's judgment convicting him of operating a motor vehicle under the influence, first offense, and operating on a suspended license. After a careful review of the record, we affirm, finding that Bhattacharya's statutory right to attempt to contact and communicate with counsel was not violated.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bhattacharya was arrested and charged with operating a motor vehicle under the influence, first offense, and operating on a suspended license. After he was arrested, he was taken to the Madison County Detention Center, where the arresting officer, Officer Jason Parker, requested that he undergo an Intoxilyzer test. Bhattacharya chose to attempt to contact an attorney before he took the test, as he was permitted to do pursuant to KRS[2] 189A.105(3).

During a hearing in this matter, Officer Parker testified that after Bhattacharya

---

1. Senior Judge Michael L. Henry, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. Kentucky Revised Statute.

was arrested, Officer Parker read the implied consent warning to him. The officer permitted Bhattacharya to search for an attorney in the telephone book, but he did not permit Bhattacharya to dial the numbers himself. Instead, Officer Parker insisted on Bhattacharya telling him which numbers he wanted to dial, and Officer Parker dialed the two telephone numbers provided by Bhattacharya and listened as the telephone rang, but no one answered either call. Thereafter, Bhattacharya told the officer that he did not know anyone else to call. Officer Parker estimated that the process of calling both telephone numbers lasted a total of about one minute. He attested that the reason he did not permit Bhattacharya to make the telephone calls himself was because Officer Parker wanted to ensure that Bhattacharya was not attempting to call anyone other than an attorney.

Bhattacharya moved to suppress the results of his blood alcohol test, arguing that Officer Parker violated KRS 189A.105(3) when the officer did not permit Bhattacharya to make the calls himself, thus deterring Bhattacharya from utilizing the full ten-to-fifteen minutes he was provided under the statute to contact and communicate with an attorney. The Madison District Court denied Bhattacharya's motion to suppress. Bhattacharya thereafter entered a conditional guilty plea that was conditioned on his right to appeal the district court's denial of his suppression motion.

Bhattacharya appealed the district court's decision to the Madison Circuit Court, and the circuit court affirmed the district court's judgment. Bhattacharya has twice moved for discretionary review in this Court. His first motion for discretionary review to this Court was dismissed due to the fact that the Madison District Court's judgment was not final because

that court had not yet sentenced Bhattacharya. His second motion for discretionary review, filed after the district court judgment became final, was granted by this Court.

On appeal, Bhattacharya contends that: (a) the arresting officer interfered with his right to contact and communicate with an attorney, in violation of KRS 189A.105(3); (b) the arresting officer interfered with his right to use all available channels to contact an attorney, in violation of KRS 189A.105(3); and (c) his alcohol test results should be suppressed due to the arresting officer's violation of KRS 189A.105(3).

## II. STANDARD OF REVIEW

If the trial court's findings of fact are supported by substantial evidence, then they are conclusive. We conduct *de novo* review of the trial court's application of the law to the facts. We review findings of fact for clear error, and we give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.

*Hallum v. Commonwealth,* 219 S.W.3d 216, 220 (Ky.App.2007) (internal quotation marks and citations omitted).

## III. ANALYSIS

### A. CLAIM REGARDING INTERFERENCE WITH RIGHT TO CONTACT AND COMMUNICATE WITH AN ATTORNEY

Bhattacharya first alleges that the arresting officer interfered with his right to contact and communicate with an attorney, in violation of KRS 189A.105(3). KRS 189A.105 concerns, in pertinent part, requests by law enforcement for motor vehicle drivers to submit to breath, blood, or urine tests. The section of the statute at issue here, KRS 189A.105(3), provides

that once a driver has been asked to submit to a breath, blood, or urine test,

> [d]uring the period immediately preceding the administration of any test, the person shall be afforded an opportunity of at least ten (10) minutes but not more than fifteen (15) minutes to attempt to contact and communicate with an attorney and shall be informed of this right. Inability to communicate with an attorney during this period shall not be deemed to relieve the person of his obligation to submit to the tests and the penalties specified by KRS 189A.010 and 189A.107 shall remain applicable to the person upon refusal. Nothing in this section shall be deemed to create a right to have an attorney present during the administration of the tests, but the person's attorney may be present if the attorney can physically appear at the location where the test is to be administered within the time period established in this section.

Bhattacharya alleges that Officer Parker violated KRS 189A.105(3) by improperly requiring Bhattacharya to provide the officer with the telephone numbers Bhattacharya wanted dialed, thus denying him access to a telephone. However, KRS 189A.105(3) only requires law enforcement to afford a person a ten-to-fifteen minute opportunity to attempt to contact and communicate with an attorney. The statute does not require law enforcement to allow criminal defendants to dial the telephone. This Court has previously explained that "[t]he 'right' described [in KRS 189A.105(3) ] is very circumscribed. It is merely the right to an opportunity . . . to attempt to contact and communicate with an attorney." *Litteral v. Commonwealth,* 282 S.W.3d 331, 333 (Ky.App.2008) (internal quotation marks omitted). In the present case, Bhattacharya was given an opportunity to attempt to contact and communicate with an attorney, even if Officer

Parker was the person dialing the telephone numbers that Bhattacharya requested to be dialed.

To the extent that Officer Parker was the person listening to the telephone as it was ringing to see if anyone answered at the two attorneys' telephone numbers, Officer Parker attested that nobody answered the telephone calls. Whether the officer was to be believed was a credibility issue. Credibility determinations are the province of the trial court which we will not disturb on appeal. *See Uninsured Employers' Fund v. Garland,* 805 S.W.2d 116, 118 (Ky. 1991).

Thus, Officer Parker did not violate KRS 189A.105(3) when he insisted on dialing the telephone numbers for the attorneys that Bhattacharya wanted to call.

## B. CLAIM REGARDING OFFICER'S INTERFERENCE WITH CHANNELS TO CONTACT ATTORNEY

 Bhattacharya next contends that the arresting officer interfered with his right to use all available channels to contact an attorney, in violation of KRS 189A.105(3). Specifically, he asserts that Officer Parker kept the telephone from him and, by providing Bhattacharya with only a local telephone book to find an attorney, improperly confined Bhattacharya's opportunities to contact counsel to only those attorneys who advertised in the local telephone book. Bhattacharya alleges that the statute does not prohibit a defendant from obtaining an attorney's telephone number from a third party who is not an attorney.

Regarding Bhattacharya's allegation that Officer Parker kept the telephone from him, Officer Parker testified that he would have allowed Bhattacharya to listen to the telephone as it was ringing, if Bhattacharya had asked. Bhattacharya provid-

ed no evidence to the contrary, and whether the trial court chose to believe Officer Parker was a credibility determination that we will not disturb on appeal. *See Uninsured Employers' Fund,* 805 S.W.2d at 118.

As for Bhattacharya's claim that Officer Parker should have provided him with more than just a local telephone book to find an attorney, nothing in KRS 189A.105(3) requires even a telephone book be provided; however, because Officer Parker did not permit Bhattacharya to call anyone except an attorney, it follows that the officer had to provide Bhattacharya with some means of obtaining attorneys' telephone numbers. Thus, it was proper for the local telephone book to be provided to Bhattacharya, as there were attorneys' telephone numbers listed in the book for him to attempt to contact, but the officer did not need to provide any further means for Bhattacharya to obtain an attorney's telephone number.

Bhattacharya also alleges that KRS 189A.105(3) does not prohibit a criminal defendant from obtaining an attorney's telephone number from a third party who is not an attorney. However, Bhattacharya told the officer that he did not know anyone else to call. Therefore, his arguments regarding calling a third party are hypothetical. Because this Court does not issue advisory opinions, we decline to review the merits of this assertion.

## C. CLAIM THAT TEST RESULTS SHOULD BE SUPPRESSED

Finally, Bhattacharya asserts that his alcohol test results should be suppressed due to the arresting officer's violation of KRS 189A.105(3). Because the arresting officer sufficiently complied with KRS 189A.105(3), the trial court did not err in denying Bhattacharya's motion to suppress.

Accordingly, the Madison Circuit Court's order affirming the Madison District Court's judgment is affirmed.

ALL CONCUR.