Elizabeth FERGUSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–CA–001031–DG.

Court of Appeals of Kentucky.

June 24, 2011.

Rehearing Denied Feb. 27, 2012.

Edward M. Bourne, Owenton, KY, for appellant.

James C. Monk, Special Assistant Attorney General, Carrollton, KY, for appellee.

Before TAYLOR, Chief Judge, CAPERTON and WINE, Judges.

## OPINION

CAPERTON, Judge:

Elizabeth Ferguson appeals from an order of the Carroll Circuit Court affirming the ruling of the Carroll District Court denying Ferguson's motion to suppress the results of a breathalyzer test due to an alleged violation of KRS 189A.105(3). After a thorough review of the parties' arguments, the record and the applicable law, we agree with Ferguson that her motion to suppress should have been granted. Accordingly, we reverse the Carroll Circuit Court's order and remand this matter for further proceedings.

In the early morning hours of April 19, 2009, a vehicle driven by Ferguson was stopped by Trooper Brandon Maupin of the Kentucky State Police for not having any tail lights. Ferguson was administered field sobriety tests and a portable breath test, after which Ferguson was placed under arrest and charged with no tail lights and operating a motor vehicle under the influence of alcohol ("DUI"). Trooper Maupin then transported Ferguson to the Carroll County Detention Center. On the way to the detention center, Ferguson used her cellular telephone with Trooper Maupin's permission to call her roommate, who had been in the vehicle with Ferguson at the time of the traffic stop.

Once at the detention center, Trooper Maupin escorted Ferguson into a room containing a breathalyzer machine. A deputy jailer joined Ferguson and Trooper Maupin and confiscated Ferguson's purse containing her cell phone. Trooper Maupin then read Ferguson her rights under the Kentucky implied consent laws. It was at this point that Ferguson was first informed of her right under KRS 189A.105(3) to an opportunity to attempt to contact and communicate with an attorney during the ten to fifteen minutes immediately preceding the administration of the breathalyzer test.

After being advised of this right, Ferguson requested to speak with her attorney prior to submitting to the breathalyzer

test. Ferguson had an attorney in Lexington, Kentucky, who had instructed her to call any time she had a problem. Ferguson requested to contact said attorney. Ferguson informed Trooper Maupin that her attorney only used a cell phone, as opposed to a landline, and that her attorney's cell phone number was stored in Ferguson's cell phone. Ferguson requested access to her cell phone to call her attorney but the deputy jailer prohibited such use because of a jail policy against detainees' use of cell phones. Ferguson was then provided access to a collect-call only telephone on the wall of the jail. Ferguson attempted to use the telephone but to no avail because she could not collect-call her attorney's cell phone. Ferguson submitted to the breathalyzer test and produced a result of 0.092.

Ferguson moved to suppress the results of the breathalyzer test before the Carroll District Court but the court denied her motion. Ferguson entered a conditional guilty plea and appealed the denial of her motion to suppress to the Carroll Circuit Court. The Carroll Circuit Court affirmed the district court's relying on *Bhattacharya v. Commonwealth*, 292 S.W.3d 901 (Ky. App.2009). The circuit court further noted that Ferguson had the opportunity to use her cell phone to contact her attorney while in Trooper Maupin's cruiser, and the fact that the jail would not provide access to her cell phone was not a reason to overturn the decision of the district court. It is from this judgment that Ferguson now appeals.

■ On appeal Ferguson argues that she was denied her right under KRS 189A.105(3), and that said denial requires that her breathalyzer result be suppressed. In actuality, Ferguson's argument presents two questions: (1) was her right under KRS 189A.105(3) violated, and, (2) if so, does the violation require sup-

pression? The Commonwealth counterargues that Ferguson's right under KRS 189A.105(3) was not violated. With these arguments in mind, we now turn to the applicable law.

■ At the outset, we note that our appropriate standard of review is set forth in *Bhattacharya v. Commonwealth*, 292 S.W.3d 901, 903 (Ky.App.2009), wherein this Court stated:

> If the trial court's findings of fact are supported by substantial evidence, then they are conclusive. We conduct *de novo* review of the trial court's application of the law to the facts. We review findings of fact for clear error, and we give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.

*Id.* at 903 (internal citation omitted).

■ At issue here is KRS 189A.105(3) which states:

> During the period immediately preceding the administration of any test, the person shall be afforded an opportunity of at least ten (10) minutes but not more than fifteen (15) minutes to attempt to contact and communicate with an attorney and shall be informed of this right. Inability to communicate with an attorney during this period shall not be deemed to relieve the person of his obligation to submit to the tests and the penalties specified by KRS 189A.010 and 189A.107 shall remain applicable to the person upon refusal. Nothing in this section shall be deemed to create a right to have an attorney present during the administration of the tests, but the person's attorney may be present if the attorney can physically appear at the location where the test is to be administered within the time period established in this section.

KRS 189A.105(3). Since the proper interpretation of KRS 189A.105(3) is purely a legal issue, our review is *de novo. Commonwealth v. Long,* 118 S.W.3d 178, 181 (Ky.App.2003). As noted in *Long:*

> On review, it is our duty to construe the statute so as to effectuate the plain meaning and unambiguous intent expressed in the law. Moreover, we understand that the judiciary is not at liberty to add or subtract from the legislative enactment ... or to attempt to cure any omissions.

*Id.* at 181 (internal quotations and citations omitted).

This Court in *Bhattacharya, supra,* addressed KRS 189A.105(3) and held that Bhattacharya's motion to suppress was correctly denied when "Bhattacharya was given an opportunity to attempt to contact and communicate with an attorney, even if [the arresting officer] was the person dialing the telephone numbers that Bhattacharya requested to be dialed." *Id.* at 904. In *Bhattacharya,* the arresting officer provided Bhattacharya with a local telephone directory wherein attorneys' telephone numbers were listed. The arresting officer then "insisted on Bhattacharya telling him which numbers he wanted to dial, and [the arresting officer] dialed the two telephone numbers provided by Bhattacharya and listened as the telephone rang, but no one answered either call." *Id.* at 903.

The circuit court and the Commonwealth interpret *Bhattacharya* as being wholly dispositive of the case *sub judice.* We disagree. Unlike *Bhattacharya,* Ferguson knew which attorney she wished to contact and had the phone number in her cell phone.[1] In today's technologically advanced society, many people store important contact information in their cell phones. It is not unreasonable to require some minimal police assistance, such as here, by providing reasonable access to a cell phone in the immediate area for the limited purpose of procuring an attorney's phone number or contacting said attorney in order to exercise one's right as provided by KRS 189A.105(3). *See Long* at 183.[2]

---

1. Moreover, we are unclear as to whether Ferguson was even provided a local telephone book since the Commonwealth failed to cite to the record to support its assertion that she was provided one. Absent specific citations as required by Kentucky Rules of Civil Procedure (CR) 76.12, we are required to assume that the evidence supported the findings of the lower court. *See Porter v. Harper,* 477 S.W.2d 778 (Ky.1972). *See also Smith v. Smith,* 235 S.W.3d 1, 5 (Ky.App.2006), where this Court addressed a similar issue:

> Carolyn is correct that it is not our responsibility to search the record to find where it may provide support for Jim's contentions. But rather than striking Jim's brief, we choose to give little credence to the arguments by either party that are not supported by a conforming citation to the record.

*Smith* at 5.

2. In *Bhattacharya,* we found that where a detainee was interested in contacting an attorney, a phone book was sufficient for locating a number. In contrast, the detainee in the matter *sub judice* had the phone number of her attorney stored in her cell phone and advised the officer that her attorney only received phone calls on a cell phone. Certainly in today's society, ubiquitous use of cell phones makes the request to retrieve a phone number from a cell phone a reasonable request, and limiting an individual to a phone that makes collect-only phone calls places an impermissible limitation on the right to attempt to contact an attorney. Few attorneys are in their offices twenty-four hours a day, thus a call to an attorney's cell phone is reasonable. Also, expecting an attorney to accept a collect call, in such a situation, from a jailhouse phone is not reasonable. We are not saying that the officer need go beyond what is reasonably accessible in the immediate area to permit an individual to attempt to contact an attorney.

In order to exercise the right contained in KRS 189A.105(3), Ferguson required access to her attorney's phone number contained on her cell phone and should have been given the opportunity to retrieve the number and provided a telephone to contact said attorney. Thus, Ferguson's right contained in KRS 189A.105(3) was violated when, based on the totality of the circumstances, she was not provided with the means capable of contacting her attorney. *See Long* at 183. This is not to say that Ferguson had the right to maintain physical access to her cell phone but only such access as would be necessary, in the presence of Trooper Maupin and jail personnel, to retrieve her attorney's telephone number. We believe that either the deputy jailer or Trooper Maupin were capable of either monitoring Ferguson's use of her cell phone to obtain her attorney's phone number or of obtaining the phone number themselves from Ferguson's cell phone.

Providing such limited access would allay the Commonwealth's security fears concerning cell phone and data usage, such as taking pictures. Further, in *Bhattacharya*, the officer dialed the phone and listened for an answer. The same procedure could have been utilized in this situation. We understand that in our technologically advanced society, certain telephone or cellular phone numbers may not accept calls with reversed charges/collect calls. This requires that Ferguson be furnished with a telephone capable of connecting with the number to be dialed; although, any charges for such connection would be at Ferguson's expense. It is our opinion that the circuit court incorrectly determined that Ferguson's right was not violated. Accordingly, we must reverse.

■ We also disagree with the circuit court's statement that Ferguson had the opportunity to use her cell phone to contact her attorney while in Trooper Maupin's cruiser. Ferguson was informed of her right under KRS 189A.105(3) *after* she exited the cruiser and did not have access to her cell phone. Without Ferguson's being informed, i.e., knowing of her right prior to the loss of her cell phone, she could not waive her right under KRS 189A.105(3). *See Delacruz v. Commonwealth*, 324 S.W.3d 418, 420 (Ky.App.2010). Moreover, the right contained in KRS 189A.105(3) is limited to "the period immediately preceding the administration of any test, the person shall be afforded an opportunity of at least ten (10) minutes but not more than fifteen (15) minutes...." KRS 189A.105(3). Thus, the circuit court incorrectly determined that Ferguson's ability to use her cell phone while in the cruiser satisfied her right under KRS 189A.105(3).

In addressing the second issue, whether the violation requires suppression, we review KRS 189A.105(3). That statute states, "Inability to communicate with an attorney during this period [preceding the tests] shall not be deemed to relieve the person of his obligation to submit to the tests and the penalties specified by KRS 189A.010 and 189A.107 shall remain applicable to the person upon refusal." Certainly the inability of Ferguson to contact and communicate with an attorney did not relieve her of the obligation to undergo the tests. However, it is just as certain that the sentence preceding the above-quoted sentence granted Ferguson the right to communicate with an attorney,[3] and by virtue of state action Ferguson's right to attempt to contact her attorney was frustrated.

While the above-quoted sentence could be read to allow state action to eviscerate

---

3. See discussion, *supra.*

the right to attempt to contact and communicate with an attorney, we believe that this would be a strained reading of the statute and instead find that once the legislature granted the right to attempt to contact and communicate with an attorney, it did not intend for the succeeding sentence to render the right meaningless. Therefore, we find that Ferguson's right to contact and communicate with her attorney was frustrated by state action, and, thus, the trial court erred in not suppressing the results of all tests conducted pursuant to KRS 189A.

In light of the aforementioned, we reverse the circuit court's affirmance of the district court's denial of Ferguson's motion to suppress and remand this matter for further proceedings not inconsistent with this opinion.

ALL CONCUR.