NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

TRINITY JADE PARISEAU, *Appellee*.

No. 1 CA-CR 23-0200

FILED 09-05-2024

Appeal from the Superior Court in Maricopa County
No. CR 2022-148672-001
The Honorable Kerstin G. LeMaire, Judge

**VACATED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Zachary Stern
*Counsel for Appellee*

_____

## MEMORANDUM DECISION

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

_____

**C A T L E T T**, Judge:

**¶1**        A grand jury indicted Trinity Pariseau ("Pariseau") after she turned eighteen. But the charges stemmed from alleged acts committed when she was seventeen. Following this court's opinion in *State v. Agundez-Martinez* (*Agundez-Martinez I*), 254 Ariz. 452 (App. 2023), the superior court dismissed the indictment. Later, our supreme court vacated that opinion in part, holding that the superior court has jurisdiction over adult defendants who commit their alleged crimes as juveniles. *State v. Agundez-Martinez* (*Agundez-Martinez II*), 256 Ariz. 391, 398 ¶ 33 (2024). The State argues, based on that holding, that the superior court erred in dismissing Pariseau's indictment. We agree, and therefore we vacate the superior court's dismissal and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Between October 22, 2022, and December 19, 2022, while in the custody of the Arizona Department of Juvenile Corrections, Pariseau allegedly committed numerous assaults. Three days after the last assault, Pariseau turned eighteen. Eight days later, the State asked a grand jury to indict Pariseau on fourteen counts of aggravated assault, one count of assault by a prisoner with bodily fluids, and one count of aggravated assault against a health care practitioner. The grand jury indicted Pariseau on all counts.

**¶3**        Pariseau moved to dismiss the indictment, arguing the superior court lacked jurisdiction because she committed the alleged crimes when she was still a juvenile. The superior court concluded that A.R.S. § 13-501(A)–(B) prohibits the State from bringing a criminal complaint in superior court for alleged criminal acts committed by a juvenile. The court then dismissed the indictment.

**¶4**        The State timely appealed. We have jurisdiction. *See* A.R.S. § 13-4032(1).

## DISCUSSION

**¶5**        We review a superior court decision "dismissing criminal charges for an abuse of discretion or application of an incorrect legal interpretation." *State v. Penney*, 229 Ariz. 32, 34 ¶ 8 (App. 2012). The State argues the superior court committed legal error in concluding it lacks jurisdiction. The State argues, based on our supreme court's opinion in *Agundez-Martinez II,* that the superior court has jurisdiction over criminal proceedings brought against a defendant who is eighteen or older, regardless of when the underlying crimes occur. We agree.

**¶6**        In *Agundez-Martinez II*, our supreme court held that the superior court has jurisdiction to "try, convict, and sentence" an adult for crimes committed as a juvenile. 256 Ariz. at 398 ¶ 33. Agundez-Martinez committed the offenses when he was between the ages of ten and twelve, yet he was not indicted until he was twenty-three. *Id.* at 392 ¶ 3. The court nonetheless concluded that "[w]hether [a crime] is adjudicated as a 'delinquent act' or prosecuted as a criminal charge depends entirely on the status of the offender at the time the state initiates proceedings." *Id.* at 398 ¶ 33; *see also McBeth v. Rose*, 111 Ariz. 399, 402 (1975) ("This age factor was to be determined as of the time of prosecution. If the age factor was not present at the time of prosecution the accused was to be tried as an adult.").

**¶7**        Pariseau first argues *Agundez-Martinez II* was wrongly decided. Our views on the correctness of that opinion are irrelevant. We are "bound by decisions of the Arizona Supreme Court and ha[ve] no authority to overturn or refuse to follow its decisions." *State v. Long*, 207 Ariz. 140, 145 ¶ 23 (App. 2004).

**¶8**        Pariseau next argues her case is distinguishable from *Agundez-Martinez II* because the State knew of her alleged offenses while she was still a juvenile. Pariseau does not cite any constitutional provision or statute stripping the superior court of jurisdiction when the State discovers criminal activity *before* a defendant turns eighteen but does not bring charges until after the defendant's eighteenth birthday. Neither the constitution nor any Arizona law conditions criminal jurisdiction along the lines Pariseau suggests. *See* Ariz. Const. art. 6, § 14(4) (giving the superior court original jurisdiction over "[c]riminal cases amounting to felony"); A.R.S. § 12-123(A) ("The superior court shall have original . . . jurisdiction as conferred by the constitution[.]"); A.R.S. § 13-501(G) ("Unless otherwise provided by law, nothing in this section shall be construed as to confer jurisdiction in the juvenile court over any person who is eighteen years of age or older.").

¶9            Pariseau instead relies on language in A.R.S. § 13-501(A). Before 2010, that statute provided that a county attorney is required to charge a juvenile as an adult "if the juvenile is fifteen, sixteen or seventeen years of age" and is accused of certain serious crimes. A.R.S. § 13-501(A) (2010). In 2010, the legislature amended § 13-501(A) to provide that a county attorney is required to charge a juvenile as an adult "if the juvenile is fifteen, sixteen or seventeen years of age *at the time the alleged offense is committed*" and is accused of certain serious crimes. A.R.S. § 13-501(A) (2024) (emphasis added). Pariseau argues that amending § 13-501(A) to include the phrase "at the time the alleged offense is committed" shows the legislature "surely intended to prohibit the state from mandatorily filing in adult court when a juvenile turned 18."

¶10            The legislature's change to § 13-501(A) does not establish what Pariseau claims. Even after that change, § 13-501(A)'s application hinges on when an offense is committed, not when the State *learns* it was committed. Pariseau has not cited any statute supporting her argument that jurisdiction over criminal proceedings turns on the timing of the State's knowledge. If nothing else, the 2010 amendment proves the legislature has thought about how to condition criminal proceedings on the timing of certain events. Yet the legislature has chosen not to condition criminal jurisdiction on the timing of the State's knowledge of criminal activities. We are not empowered to override that choice. *See Florez v. Sargeant*, 185 Ariz. 521, 529 (1996) (noting that "delicate policy decisions" often involve "weighing, balancing, and policy making that . . . are properly legislative, not judicial, tasks").

¶11            Pariseau's argument also runs into *Agundez-Martinez II*. There, our supreme court explained that "the legislature's amendments to the adult criminal code did not prohibit the state from prosecuting *an adult* for crimes committed as a juvenile younger than fourteen years." 256 Ariz. at 397-98 ¶ 31. Instead, the court concluded that "[s]ection 13-501(A) and (B) apply only to a person who is a 'juvenile' at the time a listed offense is committed *and* who is a 'juvenile' when 'accused' of that offense." *Id.* at 398 ¶ 31 (emphasis added). Pariseau's prosecution does not satisfy both of those conditions—she was not a juvenile when accused of the criminal offenses here. And the supreme court's interpretation of § 13-501(A) is inconsistent with Pariseau's theory that the legislature intended that statute's language to tie jurisdiction over criminal proceedings to the timing of the State's knowledge.

¶12            Pariseau lastly argues that A.R.S. § 8-202(H) supports her argument. The statute says that, during juvenile delinquency proceedings,

"the [S]tate may file a notice of intent to retain jurisdiction over a juvenile who is seventeen years of age." A.R.S. § 8-202(H). If the State does so, "the court shall retain jurisdiction over the juvenile until the juvenile reaches nineteen years of age" unless certain events occur. *Id.* Pariseau asserts that the jurisdiction-extending procedure in § 8-202(H) "proves the legislature wanted to make it easy for juvenile court jurisdiction to be extended." That may be true, but it does not establish that the legislature has stripped the superior court of jurisdiction over criminal defendants in Pariseau's position. In fact, if the State chooses not to exercise the discretion granted in § 8-202(H), the juvenile court automatically loses jurisdiction when a juvenile turns eighteen. *See* A.R.S. § 8-246(A); A.R.S. § 8-202(G). Whenever that occurs, the State necessarily has learned of the criminal acts before the individual turned eighteen. To conclude that the superior court and the juvenile court both then lack jurisdiction would be untenable. *See State v. Estrada*, 201 Ariz. 247, 251 ¶ 16 (2001) ("[W]e interpret and apply statutory language in a way that will avoid an untenable or irrational result.").

¶13 Pariseau concedes that, while she committed the alleged acts underlying the indictment when she was seventeen, she was eighteen when the State initiated criminal proceedings against her. The superior court therefore has jurisdiction over criminal proceedings against her. While the superior court did not have the benefit of our supreme court's opinion in *Agundez-Martinez II*, the court erred by dismissing the indictment.

¶14 Pariseau also challenges the proceedings against her on constitutional grounds. She argues that prosecuting her as an adult would violate the Fourteenth Amendment's equal protection provision and the Eighth Amendment's prohibition against cruel and unusual punishment. But Pariseau did not press those arguments in the superior court, and it has not addressed them, and neither argument affects the court's subject matter jurisdiction. Pariseau may raise her constitutional arguments on remand. *See City of Flagstaff v. Ariz. Dep't of Admin.*, 255 Ariz. 7, __ ¶ 26 (App. 2023) ("[A] court of appeals sits as a court of review, not of first view.").

## CONCLUSION

¶15            We vacate the superior court's dismissal of the indictment and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV