[Criminal No. 412.    Filed June 17, 1916.]

[158 Pac. 135.]

In the Matter of the Application of JOSEPH L. WILEY for a Writ of Habeas Corpus.    JOSEPH L. WILEY, Appellant, v. STATE, Respondent.

BAIL — RIGHT TO BAIL — CAPITAL OFFENSES.—Constitution, article 2, section 22, providing that all persons charged with crime shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great,· by its own terms guarantees the right to bail before conviction in capital cases, unless the proof of the commission of the capital offense is evident or the presumption thereof is great.

[As to admission to bail after indictment for murder, see note in 81 Am. Dec. 87.]

APPEAL from a judgment of the Superior Court of the County of Pima.    W. A. O'Connor, Judge.    Reversed.

Mr. John T. Hughes, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. Geo. O. Hilzinger, County Attorney, Mr. John H. Campbell and Messrs. Baker & Baker, for the State.

PER CURIAM.—A magistrate in Pima county committed the petitioner, Joseph L. Wiley, to answer in the superior court of that county a charge of murder in the first degree, and denied the said Wiley the right to give bail.    In this proceeding the petitioner Wiley sued out a writ of *habeas corpus* in the superior court of Pima county, to the end that he be admitted to bail by that court.    The superior court denied him bail, and from the order this appeal is prosecuted.    Section 22, article 2, of the Constitution provides:

"All persons charged with crime shall be bailable by sufficient sureties, except for capital offenses when the proof is ·evident or the presumption great."

We have held that the Constitution, by its own terms, guarantees the right to bail before conviction in capital cases, unless the proof of the commission of the capital offense is

evident or the presumption thereof is great. *Matter of Application of Haigler*, 15 Ariz. 150, 137 Pac. 423. We have given a critical examination to the evidence adduced in the record, and, following the rule laid down in the Haigler case, *supra*, without entering into a discussion of the facts, we are of opinion that the case of petitioner under the facts presented is not within the exception denying him the right to bail.

The order of the superior court refusing bail is reversed, with directions to admit the petitioner to bail with sufficient sureties in such sum as may be reasonable and just in view of all the circumstances of the case.

On bail in capital cases, see note in 39 **L. R. A. (N. S.) 732.**