952 P.2d 313

The STATE of Arizona, Appellee,

v.

Ramon Nava OLVERA, Jr., Appellant.

No. 2 CA–CR 96–0279.

Court of Appeals of Arizona,
Division 2, Department A.

Aug. 7, 1997.

Review Denied March 17, 1998.

Grant Woods, Attorney General by Paul J. McMurdie and Christopher E. Avery, Tucson, for Appellee.

Fitzgibbons Law Offices, P.L.C. by Kevin D. White, Casa Grande, for Appellant.

## OPINION

FLÓREZ, Judge.

In 1995, appellant, a twice-convicted felon, was playing with a loaded firearm in the presence of his girlfriend, Rachel, and her two small children when the gun discharged and the bullet hit Rachel's hand. A jury

found appellant guilty of aggravated assault, two counts of endangerment, and misconduct involving weapons while being a prohibited possessor. He received concurrent sentences on the aggravated assault and endangerment convictions, the longest of which was fifteen years, and a consecutive seventeen-year sentence on the prohibited possessor conviction. We affirm, publishing only our resolution of the issue of ex post facto application of A.R.S. §§ 13–904(A) and 13–3101(5)(b). *See Fenn v. Fenn,* 174 Ariz. 84, 847 P.2d 129 (App.1993). We resolve the other issues raised on appeal by contemporaneous memorandum decision.

Before trial, the court denied appellant's motion to dismiss the "prohibited possessor" count. Appellant contended that when he was convicted in 1992, A.R.S. § 13–904 did not then deprive him of his right to possess firearms.[1] The legislature amended the statute in 1994, expanding its language to prohibit any felon from possessing a firearm and amended the definition of "prohibited possessor" in § 13–3101(5)(b) to include any felon whose right to possess a firearm had not been restored. In effect, appellant maintains that the application of these statutes to him amounts to a retroactive application and therefore violates the constitutional prohibitions against ex post facto laws.[2]

■ We first must determine if the 1994 statutory changes are being retrospectively applied to appellant. "A law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987); *see also State v. Yellowmexican,* 142 Ariz. 205, 688 P.2d 1097 (App.1984), *adopted and approved,* 142 Ariz. 91, 688 P.2d 983 (1984). The 1994 amendments to §§ 13–904(A) and 13–3101 are not

expressly retroactive. Section 1–244 states that a statute will not be deemed to be retroactive unless it expressly declares its retroactivity. The amendments are not being applied to him retroactively; they are prospective only, punishing conduct that occurred after the effective date of the amendments. In the common use of the term, therefore, the amendments do not amount to ex post facto laws. *Cases v. United States,* 131 F.2d 916 (1st Cir.1942).

Appellant nonetheless argues that the amendments are ex post facto laws as applied to him because they impose an additional penalty for crimes he committed and for which he was convicted prior to the effective date of the amendments. Therefore, the sole question remaining is whether the prohibition of firearm possession by felons, unless they have succeeded in having their civil rights restored, constitutes punishment. The situation here is analogous to that in *Yellowmexican,* wherein the defendant challenged the application to him of amendments to our DUI statutes. The defendant had been convicted in 1980 and 1981 of DUI, in violation of § 28–692. In 1982, the legislature enacted § 28–692.01(F), designating a third or subsequent violation of the statute within a 36-month period a felony. In March 1993, the defendant was again arrested and charged with DUI. He argued that when he pled guilty to his first two offenses, a third conviction would have been a misdemeanor and the application of the amendment to him was invalid on the ground of ex post facto because it made the third conviction a felony, requiring a six-month prison term. Division One of this court rejected his claim that he was being punished more severely for his prior offenses. The court concluded that the defendant was not being subjected to increased punishment for his past crimes but

---

1. Prior to April 19, 1994, A.R.S. § 13–904(A) provided:

   A conviction for a felony suspends the following civil rights of the person sentenced:
   1. The right to vote.
   2. The right to hold public office of trust or profit.
   3. The right to serve as a juror.
   4. During any period of imprisonment any other civil rights the suspension of which is reasonably necessary for the security of the

institution in which the person sentenced is confined or for the reasonable protection of the public.

In 1994, the statute was amended to add "the right to possess a gun or firearm" to the list of those civil rights automatically suspended by a felony conviction. 1994 Ariz. Sess. Laws, ch. 200, § 5, effective April 19, 1994.

2. U.S. Const. art. I, § 9; Ariz. Const. art. II, § 25.

rather enhanced punishment for his new conduct. The court reasoned that the 1982 legislation had changed his criminal status to recidivist and thereby resulted in increased punishment for his new conduct. *Cf. State v. Noble,* 171 Ariz. 171, 829 P.2d 1217 (1992) (Arizona sex offender registration statute found to be part of a regulatory scheme to effect a legitimate public purpose and, therefore, despite some punitive effect, did not violate the ex post facto clauses of either the United States or Arizona Constitutions).

If a statute "is a bona fide regulation of conduct which the legislature has power to regulate, it is not void as an ex post facto law even though the right to engage in the conduct is made to depend on past behaviour, even behaviour before the passage of the regulatory act." *Cases v. United States,* 131 F.2d at 921. Obviously, a legislature may not avoid a challenge on the ground of ex post facto by maintaining that the purpose of a statute is to regulate present conduct and not punish prior conduct; the overall design and effect of the statute must display its non-punitive intent. *United States v. Huss,* 7 F.3d 1444 (9th Cir.1993); *see also United States v. Ward,* 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980). To avoid being labeled punitive, the past conduct must be relevant to the regulated activity and, if that past conduct is not indicative of unfitness to participate in the regulated activity, the assumption will be that the statute's purpose is to impose an additional penalty for the earlier conduct. *Cases; Huss.* But if, as the Ninth Circuit said in *Huss,* the past conduct can reasonably be found to demonstrate unfitness to engage in a future activity, the assumption will be that the purpose of the statute is regulatory, not punitive.

Here, the past conduct which was considered by the Arizona legislature, that is, a felony conviction, can reasonably be found to indicate unfitness to engage in the future activity of possession of a firearm. We are persuaded by our overview of the entire legislative scheme that the legislature's intent was to restrict firearm possession from those likely to engage in felonious conduct in order to secure the safety of the state's citizens.

We find appellant's ex post facto argument unpersuasive because the amendments are not punishing him for his past offenses, nor did they criminalize conduct committed prior to the amendments' enactment. Appellant was already a felon in 1992, and the amendments merely changed his status to a "prohibited possessor felon." The amendments did not amount to punishment for his earlier convictions. The statutory change made him a felon whose right to possess a firearm was suspended. Such impairment is not punishment. *Huss.* Any claim by appellant that he had been led to believe that his ability to possess a firearm had been unaffected due to the statute in effect at the time of his earlier convictions is of no moment. His was not a mistake of fact, but rather one of law and, therefore, no defense to the crime charged. *State v. Harmon,* 25 Ariz.App. 137, 541 P.2d 600 (1975), *citing People v. Kuykendall,* 134 Cal.App. 2d 642, 285 P.2d 996 (1955). Appellant's conviction as a prohibited possessor in violation of A.R.S. §§ 13–3101(6)(b) and 13–3102(A)(4) was not in violation of appellant's right to be free from ex post facto laws.

DRUKE, C.J., and BRAMMER, J., concur.