NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARTHUR CHARLES GALLEGOS, *Appellant.*

No. 1 CA-CR 14-0631

FILED 5-21-2015

Appeal from the Superior Court in Maricopa County
No. CR1988-005617-A
The Honorable Jose S. Padilla, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellee*

Arthur Charles Gallegos, Phoenix
By Arthur Charles Gallegos
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

**W I N T H R O P**, Presiding Judge:

**¶1**        Arthur Charles Gallegos appeals the trial court's order filed September 2, 2014, denying his application to restore his right to possess or carry a gun or firearm.  For the reasons set forth below, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In March 1988, Gallegos' automobile collided with another automobile, resulting in three deaths, after he attempted to pass other vehicles by driving his automobile into the oncoming traffic lane on Southern Avenue in Phoenix.  Gallegos' high blood alcohol content, excessive speed, and reckless driving caused the collision.  Police officers also found cocaine in Gallegos' vehicle.

**¶3**        Gallegos entered a plea agreement in which he pled no contest to three counts of manslaughter, each a class 3 felony.[1]  The trial court sentenced Gallegos to concurrent ten-year prison terms for Counts I and II, and a consecutive five-year term of probation for Count III.  The court terminated Gallegos' probation on January 18, 2001.

**¶4**        In February 2005, Gallegos petitioned the trial court to restore his right to possess or own a gun or firearm, but the court denied the request with the handwritten annotation:  "Denied.  Fees owed."  In May 2007, Gallegos renewed his petition, but the court again denied his request, reasoning that, because manslaughter is a "serious offense," Gallegos was required to wait ten years from his discharge from probation to file his request.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-706(F)(1)(c) (2010), -905(C) (2010).  Gallegos appealed, and this court affirmed, concluding Gallegos was not eligible to have his right to possess or carry a gun or firearm

---

[1]      As a part of the agreement, the State's allegation of dangerousness was dismissed.

restored until January 18, 2011. *See State v. Gallegos*, 1 CA-CR 07-0633, 2008 WL 3892039, at *3, ¶ 12 (Ariz. App. May 13, 2008) (mem. decision).[2]

**¶5** In March 2011, Gallegos filed yet another application to have his civil gun rights restored, but on May 18, 2011, the trial court again denied his request, explaining in part as follows:

> Nature of offense. No reason given why [the] court should consider restoring defendant's right to possess [a] firearm. Defendant claimed he suffered [a] head injury in the collision that could affect his ability to safely handle a firearm.

Gallegos did not appeal from the court's order.

**¶6** On July 7, 2014, Gallegos filed his most current application to restore his right to possess or carry a gun or firearm. The State objected to the application based upon the nature of the offense and the fact that Gallegos was impaired when he killed the three victims. The trial court denied Gallegos' request to restore his gun rights, noting, "Although [the] crime didn't involve a gun, it involved alcohol and the death of others."[3]

**¶7** We have jurisdiction over Gallegos' timely appeal. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1) (2003), 13-4031 (2010), -4033(A)(3) (2010); *see also State v. Delgarito*, 189 Ariz. 58, 59-60, 938 P.2d 107, 108-09 (App. 1997) (finding appealable an order entered after judgment affecting the substantial rights of a party).

---

[2] While Gallegos' appeal was pending, the trial court denied another application by Gallegos to restore his right to possess or carry a gun or firearm, but granted his application to restore his other previously suspended civil rights.

[3] Although dated August 22, 2014, the State's response objecting to the application was filed on September 5, 2014, three days after the court's order was filed. Gallegos filed a reply to the State's response on September 18, 2014. Based on the record, it appears unlikely the court relied on the State's late-filed response, but even if the court did so, Gallegos has neither asserted nor shown any prejudice.

**ANALYSIS**

**¶8**        Gallegos contends the trial court abused its discretion when it denied his July 7, 2014 application to restore his right to possess or carry a gun or firearm.  We disagree.

**¶9**        Under A.R.S. § 13-904 (2010), a conviction for a felony suspends certain civil rights, including "[t]he right to possess a gun or firearm."  A.R.S. § 13-904(A)(5); *see also State v. Olvera*, 191 Ariz. 75, 77, 952 P.2d 313, 315 (App. 1997) (concluding that § 13-904(A)(5) merely changed an appellant's status and did not constitute an ex post facto law). Restoration of civil rights is generally automatic for first offenders upon (1) completion of probation or discharge from imprisonment, and (2) payment of all fines or restitution imposed.[4]  A.R.S. § 13-912(A) (2010).  Automatic restoration, however, "does not apply to a person's right to possess weapons," and offenders seeking restoration of this right must apply to "the superior court judge by whom the person was sentenced or the judge's successors in office."  A.R.S. §§ 13-912(B), -905(B).

**¶10**        An applicant's request to restore his or her right to possess a gun or firearm is a matter entrusted to the trial court's sound discretion.  *See* A.R.S. § 13-908 (2010).  An abuse of discretion occurs when "the reasons given by the court for its actions are clearly untenable, legally incorrect, or amount to a denial of justice."  *State v. Penney*, 229 Ariz. 32, 34, ¶ 8, 270 P.3d 859, 861 (App. 2012) (citation omitted).

**¶11**        In this case, Gallegos was convicted of three counts of manslaughter.[5]  Manslaughter is considered a "serious offense" pursuant to A.R.S. § 13-706(F)(1)(c), and a person convicted of a serious offense as defined in A.R.S. § 13-706 "may not file for the restoration of the right to possess or carry a gun or firearm for ten years from the date of his discharge from probation."  A.R.S. § 13-905(C).  Gallegos' probation was terminated on January 18, 2001.  Pursuant to § 13-905(C), he became eligible to apply to have his right to possess or carry a gun or firearm restored on January 18, 2011.

---

[4]        Gallegos asserts he has paid all fines and restitution owed.

[5]        Gallegos' no contest plea was the equivalent of a guilty plea and resulted in his convictions on all three charged counts of manslaughter.  *See State v. McGhee*, 27 Ariz. App. 119, 120, 551 P.2d 568, 569 (1976).

**¶12** The trial court, however, was not required to restore Gallegos' right to possess or carry a gun or firearm merely because Gallegos had become eligible to *apply* for restoration. *See* A.R.S. § 13-908; *cf.* Ariz. R. Crim. P. 29.5 (providing that, although the trial court has full discretion with respect to the restoration of rights, the court is required to state its reasons if it denies an application). Instead, the court was required to consider the nature and circumstances of Gallegos' prior felony convictions, as well as any other relevant facts in exercising its discretion. *See generally* Ariz. R. Crim. P. 29.2(a).

**¶13** In this case, the trial court denied Gallegos' request to restore his civil rights after finding restoration was not appropriate because "it involved alcohol and the death of others." Although Gallegos' manslaughter convictions did not involve a gun or firearm, they did involve the use of alcohol, the use of an automobile as a deadly weapon, and the subsequent deaths of three people. In light of the gravity of the underlying offenses - three counts of manslaughter involving intoxication – the trial court's order denying Gallegos' application to restore his gun rights was neither "clearly untenable" nor an abuse of discretion. The trial court properly considered the nature of Gallegos' prior felony convictions when it reviewed and denied his application.[6]

---

[6] Moreover, as we have recognized, in denying Gallegos' March 2011 application, the trial court noted Gallegos indicated he suffered a head injury in the automobile collision, and recognized the injury "could affect [his] ability to safely handle a firearm." Gallegos did not appeal that ruling, and in his most current application, he provided no documentation to demonstrate otherwise. *See* Ariz. R. Crim. P. 29.2(a).

## CONCLUSION

**¶14**         The trial court did not abuse its discretion in denying Gallegos' July 7, 2014 application to restore his right to possess or carry a gun or firearm.  Accordingly, the trial court's September 2, 2014 order denying Gallegos' application is affirmed.[7]



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[7]         Because Gallegos is not an attorney, is not the successful party on appeal, and has not cited proper authority for his request, we deny his request for attorneys' fees on appeal.