395 P.3d 1111

STATE of Arizona, Petitioner,

v.

The Honorable Kevin B. WEIN, Commissioner of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Commissioner,

Marlin Bryan Henderson, Real
Party in Interest.

State of Arizona, Petitioner,

v.

The Honorable Kevin B. Wein, Commissioner of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Commissioner,

Guy James Goodman, Real
Party in Interest.

No. 1 CA–SA 17–0072
No. 1 CA–SA 17–0077 (Consolidated)

Court of Appeals of Arizona,
Division 1.

FILED 4/25/2017

See also 241 Ariz. 341, 387 P.3d 1270.

Maricopa County Attorney's Office, Phoenix, By Lisa Marie Martin, Counsel for Petitioner

Maricopa County Public Defender's Office, Phoenix, By Nicholaus Podsiadlik, Jamie A. Jackson, Counsel for Real Party in Interest Goodman

Michael L. Freeman, Scottsdale, Counsel for Real Party in Interest Henderson

Judge Jon W. Thompson delivered the Opinion of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

## OPINION

THOMPSON, Judge:

¶ 1 This consolidated special action concerns bail in sexual assault cases following *Simpson v. Miller* (*Simpson II*), 241 Ariz. 341, 387 P.3d 1270 (2017). The state argues that trial courts are erroneously holding bail hearings for individual defendants charged with sexual assault. It asserts that no hearing is required for a determination of future dangerousness. The real parties in interest assert *Simpson II* requires a finding of individualized dangerousness for each defendant before denying bail. Because this issue is important and the potential threat to the community great, we have, in a previously entered order, accepted jurisdiction and granted the state relief. Sexual assault remains a non-bailable offense.

## JURISDICTION

¶ 2 Special action jurisdiction is available when there is no other equally plain, speedy or adequate remedy by appeal. Ariz. R. Spec. Act. 1(a). Another critical factor is whether the case presents an issue of statewide importance affecting numerous cases. *Lind v. Sup. Ct.*, 191 Ariz. 233, 236, ¶ 10, 954 P.2d 1058, 1061 (App. 1998). The issue presented here is of statewide importance, is likely to recur numerous times, and is an issue of first impression following *Simpson II*. There is no remedy by appeal. For these reasons, we accepted special action jurisdiction.

## PROCEDURAL AND FACTUAL BACKGROUND

¶ 3 On February 9, 2017, our supreme court issued *Simpson II*. On February 13, 2017, the Maricopa County superior court issued a "Protocol for Setting *Simpson v. Miller* Review Hearings." That protocol stated of *Simpson II*:

In summary, the ruling held unconstitutional the portion of A.R.S. 13-3961(A) [2010] that allowed a defendant charged with Sexual Assault, Sexual Conduct with a Minor under 15, or Molestation of a Child under 15 to be held without bond if the Court has only made a "proof evident and presumption great" finding. The ruling held that in addition to a finding of proof evident and presumption great, the State must prove by clear and convincing evidence (at a "full blown adversary hearing") that no condition or combination of conditions of release may be imposed that will reasonably assure that the safety of the other person or community (per A.R.S. § 13-3961(D) [2010]).

¶ 4 Goodman and Henderson were each charged with one count of sexual assault under Arizona Revised Statutes (A.R.S.) § 13-1406 (2010), a class 2 felony. In both cases, the superior court held an evidentiary hearing to determine whether the defendant could properly be held without bail under A.R.S. § 13-3961(D). In both cases, the superior court found proof evident and presumption great that the defendants committed sexual assault. However, because the court found that the state did not prove by clear and convincing evidence that the defendants were an ongoing danger to the community or to the victim, both defendants were held to be bailable. Defendant Goodman was allowed a $70,000 secured appearance bond. Defendant Henderson was allowed a $50,000 secured appearance bond.

## DISCUSSION

¶ 5 In *Segura v. Cunanan*, this court provided the historical context of bail in this state.

Not all defendants are entitled to bail. Since statehood, the Arizona Constitution has provided that all offenses are bailable, "except for capital offenses when the proof is evident or the presumption great." Ariz. Const. art. 2, § 22 (as quoted in *Wiley v. State*, 18 Ariz. 239, 158 P. 135 (1916)). Over the years, the list of nonbailable offenses was expanded, and by 2006 included capital offenses, sexual assault, certain crimes against children, offenses committed when the person charged is on bail on a separate felony charge, and felony offenses if the person charged poses a substantial danger to any other person. Ariz. Const. art. 2, § 22. In each case, the standard of proof was that the proof is evident or the presumption great as to the charge. *Id.*; *see also* A.R.S. § 13–3961 (Supp. 2007) (statutory provision supplementing constitution). 219 Ariz. 228, 234, ¶ 24, 196 P.3d 831, 837 (App. 2008) (addressing the availability of bail to persons charged with serious felony offenses and in the country illegally). Section 22(A)(1) of our Constitution now reads that "All persons charged with a crime shall be bailable by sufficient sureties, except: For capital offenses, sexual assault, sexual conduct with a minor under fifteen years of age or molestation of a child under fifteen years of age when the proof is evident or the presumption great." This case presents questions of law, which we review de novo. *US West Commc'ns, Inc. v. Ariz. Corp. Comm'n*, 201 Ariz. 242, 244, ¶ 7, 34 P.3d 351, 353 (2001).

¶ 6 In *Simpson II*, the court examined whether bail was potentially available to Defendant Martinez, who was charged with sexual conduct with a minor under the age of fifteen. The court said:

> The crime charged against Martinez, however, is not in itself a proxy for dangerousness. Section 13–1405(A) states, "A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age." Section 13–1405(B) classifies felonies for sexual conduct with a minor under age fifteen but does not alter the definition of the crime. The crime can be committed by a person of any age, and may be consensual. Hence, as the court of appeals noted, *Simpson [v. Miller]*, 240 Ariz. [208] at 215[,] ¶ 20, 377 P.3d [1003] at 1010 [ (2016) ], the offense sweeps in situations where teenagers engage in consensual sex. In such instances, evident proof or presumption great that the defendant committed the crime would suggest little or nothing about the defendant's danger to anyone. *Cf. A.R.S. § 13–1406 (defining sexual assault as "intentionally or knowingly engaging in sexual intercourse or oral sexual contact ... without consent of such person").*

*Simpson II*, 241 Ariz. at 349, ¶ 27, 387 P.3d at 1278 (emphasis added). The court concluded, as an issue of first impression, that due to the possibility that teenage consensual sex might be charged under the terms of the offense, a blanket prohibition on bail for the crime of sexual conduct with a minor violated due process rights. *Id.* at ¶ 31. It went on to require that before a denial of bail, in sexual conduct with a minor cases, an individualized determination must be made that the defendant is dangerous even when proof is evident or the presumption great that the defendant committed the crime. *Id.*

■ ¶ 7 Sexual assault is not a crime like sexual conduct with a minor which could potentially include consensual situations and which, therefore, may involve a defendant who is not a danger to the community. The Court expressed this comparison with a "Cf." citation. The Bluebook explains the citation signal "Cf." as "Cited authority supports a proposition different from the main proposition but sufficiently analogous to lend support. Literally, 'cf.' means 'compare.' " The Bluebook: A Uniform System of Citation R. 1.2(a), at 59 (Columbia Law Review Ass'n et al. eds. 20th ed. 2015); *see State v. Nixon*, 1 CA–CR 16–0391, 242 Ariz. 242, 243, 394 P.3d 667, 2017 WL 1278849, slip op. at *3, ¶ 10 (Ariz. App. April 6, 2017) (same).

¶ 8 *Simpson II* used the Cf. citation to highlight the difference between the two offenses. This citation makes sense because A.R.S. § 13–1406(A) reads: "A person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral

sexual contact with any person *without consent* of such person[ ]" (emphasis added). Unlike sexual conduct with a minor, lack of consent is an element of the crime of sexual assault. A.R.S. §§ 13–1405 (2010), –1406 (2010). We are bound by our Supreme Court's analysis in *Simpson II* and have no authority to overrule or disregard it. *See State v. Sullivan*, 205 Ariz. 285, 289, ¶ 15, 69 P.3d 1006, 1009 (App. 2003).

¶ 9 *Simpson II* held that persons charged with sexual conduct with a minor under fifteen years of age are entitled to a hearing as to dangerousness. Sexual assault remains a non-bailable offense. Where proof is evident or the presumption is great that a defendant committed sexual assault, the non-consensual nature of the crime fulfills the requirement for finding inherent dangerousness. No section 13–3961(D) hearing need be held.

## CONCLUSION

¶ 10 For the above stated reasons, the state is granted relief.