NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESSIE LEWIS, *Appellant.*

No. 1 CA-CR 20-0500
FILED 8-31-2021

Appeal from the Superior Court in Maricopa County
No.  CR 2014-146307-001
The Honorable Justin Beresky, Judge

**AFFIRMED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Appellee*

Jessie Lewis, Tucson
*Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Samuel A. Thumma and Chief Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1 Jessie Lewis appeals the superior court's denial of his request for a hearing or judgment under A.R.S. § 13-925 on his petition to restore the right to possess a firearm. Because the statute applies when a firearm restriction is based on a finding of danger to self or others and not when the restriction is—as here—based on a prior felony conviction, the superior court properly denied Lewis' request. We affirm.

**BACKGROUND**

¶2 In 2015, a jury convicted Lewis of misconduct involving weapons. After finding that Lewis had six prior felony drug offenses, the superior court sentenced him as a category-three repetitive offender to a term of 11 years' imprisonment.

¶3 On direct appeal, Lewis raised three issues in a supplemental *Anders* brief, challenging: (1) the sufficiency of the evidence supporting his conviction; (2) the superior court's denial of his motion to suppress evidence seized from a traffic stop; and (3) the constitutionality of A.R.S. § 13-3102(A)(4), which criminalizes the possession of a firearm by a "prohibited possessor."[1] *State v. Lewis, 1 CA-CR 15-0301*, 2016 WL 4045317, at *1-3, ¶¶ 1, 9-13 (Ariz. App. July 28, 2016) (mem. decision). Affirming Lewis' conviction and sentence, this court found that: (1) eyewitness testimony from three officers who saw Lewis remove a gun from his waistband and throw it over a fence provided substantial evidence to support his conviction; (2) the arresting officer had probable cause to stop Lewis for a traffic violation and, having recognized Lewis as a convicted felon from a previous police encounter, had probable cause to arrest Lewis for misconduct involving weapons once he saw Lewis throw the gun; and (3) the State did not need to present documentation reflecting that Lewis was a danger to himself or others because he was a statutorily prohibited

---

[1]     *Anders v. California*, 386 U.S. 738 (1967).

possessor, having been convicted of prior felonies, and the court was not required to document "what the statutes already make clear." *Id.*

¶4            After his direct appeal, Lewis filed successive petitions for post-conviction relief, raising various claims. Each was denied. He also moved to set aside his conviction for misconduct involving weapons and to restore his right to possess a firearm, reasserting his appellate claims—that his prohibited possessor status is both undocumented and violative of the constitutional "right to bear arms." The superior court denied Lewis' motions, finding he failed to meet the statutory requirements either to set aside his conviction or to restore his right to bear firearms.

¶5            At that point, Lewis asked the superior court to produce the "original order that resulted in [him] being a prohibited possess[o]r pursuant to A.R.S. § 13-925." Denying his "request for a hearing or judgment based on A.R.S. [§] 13-925," the court noted that Lewis became a prohibited possessor "by virtue of his prior felony convictions" under A.R.S. § 13-3101(A)(7)(b), not because he was "found to constitute a danger to self or others" under A.R.S. § 13-3101(A)(7)(a). Lewis timely appealed.

## DISCUSSION

¶6            Lewis raises several trial-related issues—challenging the superior court's evidentiary rulings, asserting due process violations, and claiming the prosecutor engaged in discovery misconduct, tampered with evidence, and suborned perjury. These trial-related issues were not considered by the superior court in connection with the order now being appealed, so we do not consider them on appeal. *See Van Dusen v. Registrar of Contractors*, 12 Ariz. App. 518, 520 (1970) (explaining "[t]he scope of [an] appeal may not be enlarged beyond the matters" at issue in the underlying ruling). Therefore, the only question properly before us is whether the superior court erred by denying Lewis' request for a hearing or judgment under A.R.S. § 13-925.

¶7            We review a superior court's ruling concerning the restoration of civil rights, including gun rights, for an abuse of discretion. *State v. Nixon*, 242 Ariz. 242, 244, ¶ 10 (App. 2017); A.R.S. § 13-908(A) ("The restoration of civil rights is in the discretion of the judicial officer."); A.R.S. § 13-910(B) ("The restoration of the right to possess a firearm is in the discretion of the judicial officer."). We review de novo, however, a court's legal conclusions, including its interpretation of statutes. *State v. Estrada*, 209 Ariz. 287, 288, ¶ 2 (App. 2004).

¶8          A felony conviction "suspends [various] civil rights of the person sentenced," including "[t]he right to possess a firearm." A.R.S. § 13-904(A)(5). Accordingly, when a person is convicted of a felony, that person becomes a "prohibited possessor" who may not lawfully possess or carry a firearm. A.R.S. §§ 13-3101(A)(7)(b), -3102(A)(4).

¶9          While most civil rights are automatically restored upon final discharge of consequences for a first-time felony offense, the right to possess a firearm is not automatically restored. A.R.S. § 13-907(A), (C). Instead, to restore gun rights, a person convicted of a non-dangerous and non-serious offense must apply for "restoration of the right to possess or carry a firearm," but may not do so until "two years from the date of the person's absolute discharge." A.R.S. § 13-910.

¶10         A person "[w]ho has been found to constitute a danger to self or to others" is also a "prohibited possessor," barred from knowingly possessing a deadly weapon. A.R.S. §§ 13-3101(A)(7)(a), -3102(A)(4). Having been found to present such a danger, "[a] person may petition the court that entered an order, finding or adjudication that resulted in the person being a prohibited possessor" under A.R.S. § 13-3101(A)(7)(a) "to restore the person's right to possess a firearm." A.R.S. § 13-925(A). Upon the filing of such a petition, "the court shall set a hearing." A.R.S. § 13-925(C).

¶11         Applying this statutory framework, we consider the superior court's order in this case. Lewis petitioned the court to produce the "original order that resulted in [him] being a prohibited possess[o]r pursuant to A.R.S. § 13-925," asserting that such an order "never exist[ed]." Lewis' assertion fails to recognize that he is a prohibited possessor under A.R.S. § 13-3101(A)(7)(b), as a person who has been convicted of six prior felonies and whose civil right to possess a firearm has not been restored, not under A.R.S. § 13-3101(A)(7)(a), as a person who presented a danger to himself or others and whose civil right to possess a firearm has not been restored "pursuant to [A.R.S.] § 13-925." In other words, as found by the superior court, A.R.S. § 13-925 has no application to Lewis because he became a prohibited possessor by operation of law upon being convicted of a felony, not by court order. Therefore, the superior court properly denied Lewis' request for a hearing or judgment under A.R.S. § 13-925.

**CONCLUSION**

¶12      Accordingly, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:      AA